**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF ALABAMA**
~~NORTHERN~~ DIVISION
*Eastern*

RECEIVED

2006 APR 13  A 9: 58

[illegible stamp text]
[illegible stamp text]
[illegible stamp text]

| | |
|---|---|
| R.A.Jr., (a minor child, by and through his Father and next best friend, Richard Lemmel Arnold, | ) ) ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MACON COUNTY DEPUTY SHERIFF WALTER LACEY, in his official and individual capacity, | ) ) ) ) |
| Defendant. | ) |

Case No.: 3:06cv337-WHA

### COMPLAINT
### AND DEMAND FOR JURY TRIAL

**COMES NOW**, the Plaintiff, by and through his Father and next best friend Richard L. Arnold, Sr., and states as follows:

### I
### NATURE OF THE CASE

1.      This civil action is for declaratory and injunctive relief and for compensatory and punitive damages, to enforce the right of the Plaintiff not to be subjected to unreasonable and injurious searches and to enforce the procedural protections guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and in violation of the Constitution of Alabama.

### II
### JURISDICTION

2.      The jurisdiction of this Court is invoked under Title 28 of the United States Code, Sections 1331; this being a civil action arising under the Constitution and laws of the United States, including the Fourth Amendment and Section 1 of the Fourteenth Amendment to the Constitution of the United States and Title 42 of the United States Code, Sections 1983 and 1988. Jurisdiction is also invoked pursuant to Title 28 of the United States Code, Section 1343

(3) and (4) and Title 42 U.S.C. 1988, this being an action to redress the deprivation under color of state law, statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured by the Constitution and laws of the United States, namely, the Fourth and Fourteenth Amendments and Title 42 U.S.C. 1983, 1985, and 1986. Jurisdiction is further invoked pursuant to Title 28 U.S.C. 1367(a), as the supplemental pendant state claims predicated upon state causes of action.

## III
### PARTIES

3.     The Plaintiff, R. A., Jr., a minor, is a resident of the State of Alabama and resides in Macon County.

4.     The Plaintiff, Richard Lemmel Arnold, is a resident of the State of Alabama and the County of Macon, and brings this action on his own behalf and as guardian ad litem for Richard Arnold Jr., a minor.

5.     The Defendant, Macon County Deputy Sheriff Lacey, at all times herein mentioned, was acting in such capacity as the agent, servant, and employee of the Macon County Sheriff's Department, and was acting under color of law, to wit: under color of the statutes, ordinances, regulations, policies, customs and usage of the State of Alabama and/or the Macon County Sheriff's Department.   He resides in the State of Alabama and is over the age of nineteen (19) years. He is being sued in his official and individual capacity. (Lacey hereinafter referred to as Defendant)

6.     The Defendant sued in this action is being sued in his official capacity as a Deputy Sheriff of the Macon County Sheriff's Department and in his individual capacity.

## IV
### FACTUAL ALLEGATIONS

7.     On or about October 7, 2005 claimant, R. A., Jr., (Hereinafter referred to as Plaintiff), was leaving a football game at Booker T. Washington High School.

8.    Plaintiff, and his Brother, Ronald Ligon, were waiting at the fence for their Sister, Kinyetta Ligon.  Several friends were standing in the vicinity.

9.    Quardarius Johnson and Carlton Willis walked up to the Plaintiff and his Brother, Ronald, and showed Ronald a gun; Quardarius then pointed the gun at Plaintiff's Brother, Ronald Ligon.

10.    Quardarius Johnson was threatening Ronald Ligon with the gun stating, "I am going to put a cap in you."

11.    Raymond Swanson, the Plaintiff's friend, ran to get the authorities and to report that Quardarius Johnson had a gun and was threatening to shoot Ronald Ligon.

12.    Quardarius Johnson put his gun away and began assaulting Ronald Ligon and a fight ensued.

13.    A municipal Officer arrived on the scene and broke up the fight.

14.    After the situation was under control, the Plaintiff and his Brother, Ronald, walked away from the scene and that is when Deputy Lacey arrived.

15.    The Plaintiff and his Brother, Ronald, were some distance away from the scene where the incident had occurred and Deputy Lacey grabbed the Plaintiff by the shoulder and threw him down on the ground and began assaulting him with an expandable baton.

16.    The Officer hit the Plaintiff approximately four times in the right thigh, left arm and hip.

17.    Plaintiff was taken to the hospital emergency room at Tallassee Healthcare for treatment on Monday, October 10, 2005 as the swelling and injuries continued to worsen.

18.    On December 2, 2005, a full 56 days after the incident of October 7, 2005, Officer Lacey filed criminal charges of Disorderly Conduct against the minor Plaintiff in the Juvenile Court of Macon County.

**V**
### CAUSE OF ACTION
### FEDERAL CLAIMS—VIOLATION OF THE FOURTH AMENDMENT
### EXCESSIVE FORCE

19.    The Plaintiff repeats, realleges and incorporates by reference all of the preceding allegations of this Complaint, as if more fully set out herein.

20.    Defendant Lacey did intentionally and without just and legal cause, batter the Plaintiff by using excessive and unreasonable force upon the Plaintiff.  Any force used against the Plaintiff was unreasonable because the situation did not call for unreasonable or deadly force as the Plaintiff was not breaking any law nor was he involved in the prior incident involving his brother and Quardarius Johnson.

21.    At no time did the Plaintiff, pose any threat to the Defendant which would have justified the use of such excessive force as was inflicted upon the Plaintiff on October 07, 2005.

22.    Plaintiff, alleges that on or about October 07, 2005 Defendant Lacey assaulted and battered him using excessive, unjustifiable, and unreasonable force in violation of  his Constitutional rights afforded him pursuant to 42 United States Code Section 1983.

23.    That Defendant Lacey's use of excessive force against the Plaintiff, who posed no threat and was obviously a minor, proximately caused the Plaintiff's injury.  The Plaintiff was caused to suffer numerous bruises and abrasions to his upper body and a broken blood vessel in his thigh that required medical treatment.  The Plaintiff was also caused to suffer extreme emotional distress and anxiety over the beating.  Plaintiff no longer trust that the Sheriff's Department is a public servant to the people and their job is to protect and serve innocent persons.

24.    That the Defendant knew, or should have known, that his conduct towards the Plaintiff was unlawful at the time he committed the excessive force upon the Plaintiff.  The law in Alabama in 2005 is that an officer is not justified in the use of deadly force upon a person,

except when he reasonably believes it necessary to; 1) make a lawful arrest of a felon; 2) prevent an arrested felon from escaping from custody; 3) defend himself or a third person from the imminent use of deadly physical force. Pruitt v. The City of Montgomery, Alabama, et al., 771 F.2d 1475 (11th Cir. Ct. App. 1985) and Ala.Code 13A-3-27 (1975). None of these circumstances existed at the time of the incident complained of and any force used against the Plaintiff was unlawful.

25.     As a direct and proximate result of the above described unlawful and malicious acts of Defendant Lacey, which were committed under the color of their authority, and while acting in such capacity, the Plaintiff suffered grievous bodily harm and severe pain and extreme emotional distress, all of which is in violation of his rights under the laws and the Constitution of the United States and in particular the Fourth and Fourteenth Amendments thereof and 42 U.S.C. § 1983.

## VI
### ASSAULT AND BATTERY

26.     The Plaintiff repeats, realleges, and incorporates by reference all of the preceding allegations of this Complaint, as if more fully set out herein.

27.     Defendant Lacey assaulted and battered the Plaintiff by unlawfully and forcefully beating the Plaintiff with an "expandable baton" without legal justification, causing the Plaintiff extensive physical injury and severe emotional distress.

28.     As a proximate result of the Defendant Lacey's assault and battery upon the Plaintiff, the Plaintiff was caused to suffer great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, embarrassment, and apprehension.

29.     Plaintiff claims punitive damages due to the willful and malicious nature of Defendant's acts.

## VII
### FALSE IMPRISONMENT
### CODE OF ALABAMA §6-5-170
### THE UNLAWFUL DETENTION OF THE PERSON

30.     The Plaintiff repeats, realleges, and incorporates by reference all of the preceding allegations of this Complaint, as if more fully set out herein.

31.     On or about October 7, 2005, Defendant Lacey did unlawfully detain the Plaintiff against his will and imprison the Plaintiff under the following conditions: Defendant, by use of his expandable baton and physical force and without the Plaintiff's consent, forced the Plaintiff to the ground and forcefully controlled his ability to move about by placing him in fear for his life.  Due to the forceful use of Defendant's expandable baton, the Plaintiff was afraid to exercise his will and go where he might lawfully want to go.

32.     Plaintiff was falsely imprisoned when the Defendant did unlawfully cause his arrest and cause him to stand trial for a crime he did not commit.

33.     As a proximate result of the Defendant having falsely imprisoned the Plaintiff, the Plaintiff was caused to suffer the following injuries and damages; extreme emotional distress, humiliation, embarrassment, damage to his reputation, decreased academic performance in school and legal fees and costs associated with his release from custody and trial.

34.     Plaintiff claims punitive damages against the Defendant.

35.     Wherefore Plaintiff claims damages against the Defendant in the sum of $100,000.00, plus costs.

## VIII
### MALICIOUS PROSECUTION

36.     The Plaintiff repeats, realleges, and incorporates by reference all of the preceding allegations of this Complaint, as if more fully set out herein.

37.     On December 2, 2005, Defendant Lacey, maliciously and without probable cause therefor, obtained the issuance of a warrant for the arrest of the Plaintiff on a charge of Disorderly Conduct and Resisting Arrest.

38.     On or about January 25, 2006, the cause was heard by the Court and the Plaintiff was acquitted of said charges against him.

39.     As a proximate result of the defendant malicious prosecution of said cause, the Plaintiff was caused to suffer the following injuries and damages; the cost of legal counsel to defend him, absence from school, humiliation, embarrassment, and damage to his reputation.

40.     Due to the contrived and malicious nature of the Defendant's conduct, the Plaintiff claims punitive damages.

41.     Wherefore Plaintiff claims damages against the Defendant in the sum of $100,000.00, plus costs.

### IX
### EQUITABLE RELIEF

There is a real and actual controversy between the parties.  Plaintiff has no adequate remedy at law to protect his prospective rights from irreparable injury other than the declaratory and injunctive relief prayed for herein and the injury will continue until declared to be unlawful and enjoined by this Court.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff respectfully prays that this Court:

1.     Take jurisdiction of this action and enter a declaratory judgment that the Plaintiff has been deprived of his civil rights in violation of the Fourth, and Fourteenth Amendments to the United States Constitution;

2.     Enter a declaratory judgment that the Plaintiff was unlawfully assaulted and battered;

contained in the foregoing are true and correct.

# X
## DAMAGES

3.      Plaintiff further request that this Court conduct a trial by jury on the issue of damages and enter a judgment against the Defendant(s), jointly and severally, for an award of compensatory damages, in an amount to be determined, for medical expenses, plus other damages unascertained at this time, and damages for the mental pain and anguish of the Plaintiff, which are unspecified at this time.

4.      Plaintiff seeks the costs of this action including attorney's fees.

5.      Such other and further relief as the Court deems just and proper.

Respectfully submitted this 7 day of April , 2006.

_____
Richard Lemmel Arnold, Father and next Friend
of Richard Arnold, Jr.

_____
Arlene M. Richardson, ASB 9452I60A
Attorney for Plaintiff

**RICHARDSON LEGAL CENTER LLC**
P.O. Box 971
Hayneville, AL 36040
(334) 548-5660
(561) 228-1085 Fax

**STATE OF ALABAMA**      )
                                                )
Lowndes _____ **COUNTY** )

Personally appeared before me, the undersigned authority, a Notary Public in and for said County and State, **RICHARD LEMMEL ARNOLD,** who under oath, swore that the matters contained in the foregoing are true and correct.

**SUBSCRIBED AND SWORN TO** before me this 7 day of April 2006.

_____
NOTARY PUBLIC--STATE AT LARGE
My Commission Expires: 6-12-09