IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| R.A. JR. (a minor child, by and through his Father and next friend, Richard Lemmel Arnold, <br><br> Plaintiff, <br><br> vs. <br><br> DEPUTY SHERIF WALTER LACEY, in his official and individual capacity, <br><br> Defendant. | ) ) ) ) ) ) ) ) Case No.: CV-3:06-cv-337-WHA ) ) ) ) ) ) |

## AMENDED ANSWER TO COMPLAINT

**COMES NOW** the Defendant, Walter Lacey, and in answer to the Plaintiff's Complaint says as follows:

1.  The allegations contained in paragraph 1 of the Complaint are legal conclusions that do not call for a response. If a response is required, the Defendant denies the allegations of paragraph 1 of the Complaint.

2.  The Defendant admits that this Court has jurisdiction of this action, but denies the remaining allegations contained in paragraph 2.

3.  The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3.

4.  The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4.

5.  The Defendant admits that Walter Lacey was at all times mentioned in the Complaint, acting as a Macon County Deputy Sheriff employed by the Sheriff of Macon County,

and was acting under the color of state law. This Defendant resides in the State of Alabama and is over the age of nineteen years. The remaining allegations of paragraph 5 are denied.

6. The allegations in paragraph 6 are legal conclusions that do not call for a response. If a response is required, the Defendant denies the allegations of paragraph 6.

7. The allegations in paragraph 7 are denied.

8. The allegations in paragraph 8 are denied.

9. The allegations in paragraph 9 are denied.

10. The allegations in paragraph 10 are denied.

11. The allegations in paragraph 11 are denied.

12. The allegations in paragraph 12 are denied.

13. The allegations in paragraph 13 are denied.

14. The allegations of paragraph 14 are denied.

15. The allegations in paragraph 15 are denied.

16. The allegations in paragraph 16 are denied.

17. The allegations in paragraph 17 are denied.

18. The allegations of paragraph 18 are denied.

19. The Defendant readopts, realleges, and incorporates by reference as if more fully set forth herein in length, its answer to paragraphs 1 through 18 of the Complaint.

20. The allegations in paragraph 20 are denied.

21. The allegations in paragraph 21 are denied.

22. The allegations in paragraph 22 are denied.

23. The allegations in paragraph 23 are denied.

24. The allegations in paragraph 24 are denied.

25. The allegations in paragraph 25 are denied.

26. The Defendant readopts, realleges, and incorporates by reference as if more fully set forth herein in length, its answer to paragraphs 1 through 25 of the Complaint.

27. The allegations in paragraph 27 are denied.

28. The allegations in paragraph 28 are denied.

29. The allegations in paragraph 29 are denied.

30. The Defendant readopts, realleges, and incorporates by reference as if more fully set forth herein in length, its answer to paragraphs 1 through 29 of the Complaint.

31. The allegations in paragraph 31 are denied.

32. The allegations in paragraph 32 are denied.

33. The allegations in paragraph 33 are denied.

34. The allegations in paragraph 34 are denied.

35. The allegations in paragraph 35 are denied.

36. The Defendant readopts, realleges, and incorporates by reference as if more fully set forth herein in length, its answer to paragraphs 1 through 35 of the Complaint.

37. The allegations in paragraph 38 are denied.

38. The allegations in paragraph 39 are denied.


37. The allegations in paragraph 38 are denied.

39. The allegations in paragraph 39 are denied.

40. The allegations in paragraph 40 are denied.

41. The allegations in paragraph 41 are denied.

Those allegations set out in IX "Equitable Relief" are legal conclusions that do not call for a response. If a response is required, the Defendant denies these allegations as well as all allegations not admitted above.

## FIRST DEFENSE

The Complaint fails to state a cause of action against this Defendant upon which relief may be granted to the Plaintiff.

## SECOND DEFENSE

The Defendant denies the material allegations of the Complaint, not otherwise admitted above, and demands strict proof thereof.

## THIRD DEFENSE

The Defendant pleads the general issue.

## FOURTH DEFENSE

The Defendant pleads not guilty.

## FIFTH DEFENSE

The Defendant pleads immunity under both the Federal and State Constitutions as well as Statutory and Common Law immunity.

## SIXTH DEFENSE

The Defendant pleads governmental immunity, and state-agent immunity.

## SEVENTH DEFENSE

The Defendant is entitled to discretionary function immunity.

## EIGHTH DEFENSE

The Defendant is entitled to sovereign immunity.

## NINTH DEFENSE

The Defendant is entitled to qualified immunity.

**TENTH DEFENSE**

The Defendant has not violated the constitutional rights of the Plaintiff.

**ELEVENTH DEFENSE**

The Defendant pleads waiver and estoppel.

**TWELFTH DEFENSE**

Defendant specifically denies that he failed to exercise reasonable care in any particular.

**THIRTEENTH DEFENSE**

Defendant specifically denies that the injuries allegedly suffered by the Plaintiff were proximately caused by either the subject accident or the incident alleged.

**FOURTEENTH DEFENSE**

The Defendant asserts that at all times relevant hereto he was exercising due regard for the safety of all persons at the location where the incident occurred.

**FIFTEENTH DEFENSE**

The Defendant asserts that he was immune from liability under § 6-5-338 of the Code of Alabama, (1975, as amended).

**SIXTEENTH DEFENSE**

The Defendant is immune from punitive damages in this action.

**SEVENTEENTH DEFENSE**

The Plaintiff is not entitled to punitive damages in this action and any order of punitive actions against the Defendant would amount to a violation of this Defendant's Constitutional rights.

**EIGHTEENTH DEFENSE**

The Defendant asserts absolute immunity pursuant to the Eleventh Amendment. See U.S. Constitution Amendment XI.

## NINETEENTH DEFENSE

The Plaintiff has failed to exhaust his administrative remedies.

## TWENTIETH DEFENSE

Section 6-11-26 of the Code of Alabama, (1975 as amended) bars punitive damages against this Defendant.

## TWENTY-FIRST DEFENSE

The Defendant pleads contributory negligence, assumption of risk and failure to mitigate his damages.

## TWENTY-SECOND DEFENSE

The Plaintiff's alleged injuries resulted from his own neglect, wrongful or criminal conduct, and he contributed to any of the alleged damages or injuries received. The Defendant was maintaining public order and safety in the use of the minimal necessary force.. The Plaintiff should be estopped from any cause of action in this matter.

## TWENTY-THIRD DEFENSE

Any damage or harm which the Plaintiff may have experienced is due to his own actions and not those of the Defendant.

## TWENTY-FOURTH DEFENSE

This Defendant asserts absolute immunity pursuant to Article I, § 14 of the Alabama Constitution.

## TWENTY-FIFTH DEFENSE

Any award of damages is limited to $100,000.00 as set out in § 11-93-2 of the Code of Alabama, (1975, as amended).

## TWENTY-SIXTH DEFENSE

The Defendant pleads substantive immunity.

## TWENTY-SEVENTH DEFENSE

The Defendant is immune from liability based upon discretionary function immunity.

## TWENTY-EIGHTH DEFENSE

1. Defendant avers that the Amended Complaint fails to state a claim upon which punitive damages may be awarded to plaintiffs.

2. Defendant avers that any award of punitive damages to the plaintiffs in this case will be violative of the constitutional safeguards provided to defendant under the Constitution of the State of Alabama.

3. Defendant aver that any award of punitive damages to the plaintiffs in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

4. Defendant aver that any award of punitive damages to the plaintiffs in this case will be violative of the constitutional safeguards provided to The Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

5. Defendant aver that any award of punitive damages to the plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

6.  Defendant aver that any award of punitive damages to the plaintiffs in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant are entitled to the same procedural safeguards accorded to criminal Defendant.

7.  It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose documents and evidence.

8.  It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose documents and evidence.

9.  Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

   a)  It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   b)  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which hereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

   c)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

   d)  The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

  e)  The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

  f)  The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

10. Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, on the following grounds:

  a)  It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

  b)  The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant;

  c)  The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

  d)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

  e)  The award of punitive damages in this case would constitute a deprivation of property without due process of law; and

  f)  The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant.

11. Plaintiff's attempt to impose punitive or extracontractual damages on this Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

12. The award of punitive damages to the plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

13. The award of punitive damages against this Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

14. The Amended Complaint fails to state a claim for punitive damages under Alabama Code §§ 6-11-20 to 6-11-30 (1975) and is barred.

### TWENTY-NINTH DEFENSE

This Defendant aver that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at ALA.CODE §6-11-21 (Repl. Vol. 1993).

### THIRTIETH DEFENSE

The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

### THIRTY-FIRST DEFENSE

Under the constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. See: Honda Motor Company, Ltd. v. Oberg, 114 S.Ct. 2331, 129 L.Ed. 2d 336 (1996).

### THIRTY-SECOND DEFENSE

With respect to the Plaintiff's demands herein for punitive damages, The Defendant specifically incorporate by reference any and all standards or limitations regarding the

determination and/or enforceability of punitive damages awards as articulated in <u>BMW of North America v. Gore</u>, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

### THIRTY-THIRD DEFENSE

The Defendant asserts absolute immunity pursuant to Article I, § 14 of the Alabama Constitution.

### THIRTY-FOURTH DEFENSE

Plaintiff's claim for punitive damages is limited to the amount recoverable as set forth in §6-11-21, <u>Ala. Code</u>, 1975. This defense is intended to challenge the ruling stated in <u>Henderson v. Alabama Power Co.</u>, 627 So.2d 878 (Ala. 1983).

### THIRTY-FIFTH DEFENSE

This Defendant pleads <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), as a bar to this action.

### THIRTY-SIXTH DEFENSE

The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because: (a) it fails to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States, (b) it fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the

Fourteenth Amendment of the United States Constitution, (c) it results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and, (d) it constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### THIRTY-SEVENTH DEFENSE

The award of discretionary compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against this Defendant, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages, and, it constitutes a deprivation of property without the due process of the law.

/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR.
Attorney for the Defendant, Walter Lacey

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:     (334) 387-3222

### CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

Hon. Arlene M. Richardson
Richardson Legal Center, LLC
Post Office Box 971
Hayneville, AL 36040-0971

/s/ C. Winston Sheehan, Jr.
OF COUNSEL