IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| R.A. JR. (a minor child, by and through his Father and next friend, Richard Lemmel Arnold, <br><br> Plaintiff, <br><br> vs. <br><br> DEPUTY SHERIF WALTER LACEY, in his official and individual capacity, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) Case No.: CV-3:06-cv-337-WHA ) ) ) ) ) ) |

## STIPULATION AND PROTECTIVE ORDER

### STIPULATION

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, as counsel for the parties to this action, as follows:

1. For purposes of this Stipulation and Protective Order, any and all documents reflecting personal and private information, to include Social Security numbers and dates of birth, produced by the Defendant are deemed to be confidential documents and shall be used by the plaintiff only for this action and for no other purpose.

2. Effective with the execution of this Stipulation, the contents of the documents identified in paragraph 1 shall not be communicated in any way to anyone other than this Court and counsel for the parties in this action, except as provided in this Stipulation. Each party to this action and its counsel shall be advised of and be bound by the terms of this Stipulation.

3. The documents identified in paragraph one above shall not be attached to any pleadings, deposition transcripts or other documents filed with or tendered to the Court, or separately filed with or tendered to the Court, for any purpose, except under seal. The documents shall only be

unsealed by the Court for purposes of addressing matters pertinent to this action, following which they shall again be placed under seal and shall not be subject to examination by or disclosure to any other persons or entities, except upon Order of the Court after notice to the Defendant and a hearing on any objections to such disclosure or examination raised by the Defendant.

Information contained within shall not be summarized or transcribed, in whole or in part, except by counsel for the parties for purposes directly associated with the above styled action. No such summaries or transcriptions shall be retained by counsel for the plaintiff, the plaintiff, or by other persons subject to this Stipulation and Protective Order, to whom documents and/or summaries or transcriptions thereof have been presented by the plaintiff and/or counsel for the plaintiff.

Use by the Plaintiff of these documents, subject to this Stipulation and Protective Order, shall be restricted to the following persons:

A. The plaintiff;
B. Counsel for the Plaintiff;
C. Expert witnesses retained by the Plaintiff and identified to the Defendant for purposes related to this action;
D. Employees of counsel for the Plaintiff necessarily involved in this action;
E. Any witness;
F. Any person's plaintiff's counsel deems necessary for preparation and trial of case.

No persons to whom documents and/or summaries or transcriptions thereof have been disclosed shall make any notes, summaries or transcriptions thereof except to the extent necessary for purposes directly related to this action. At the conclusion of this action all such notes, summaries and/or transcriptions, and all copies thereof, shall be tendered to counsel for the Defendant or destroyed and all persons having possession thereof shall certify in writing that they have returned or destroyed all such documents to the Defendant and have retained no copies, or portions of copies.

4. Attendance at depositions taken in this action at which the documents or any information contained therein is identified, discussed, or disclosed shall be limited to the deposition

notary, the witness, counsel for the witness, counsel for the parties, and any representatives of the parties who have agreed in writing to be bound by the terms of this Stipulation.

5. Communication of the contents of documents to persons who are assisting counsel in preparation and trial of this action, and to persons who may be called upon by counsel to testify in this action with respect to such documents or information contained therein shall be permitted, provided that, before obtaining access to such documents or information, each such person shall be shown a copy of this Stipulation and agree to be bound by the terms thereof.

6. Any party to this suit may request, and the Defendant may agree, that the provisions of this Stipulation be waived as to one or more of the documents. Any such waiver shall be in writing and shall be limited to the particular document(s) specifically identified in such written waiver.

7. This Stipulation and Order, insofar as it restricts the communication and use of documents, shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. At the conclusion of this action, including all appeals, all documents, and all copies thereof, shall be promptly returned to the Defendant's attorney or destroyed. To the extent such documents then contain the work product of attorneys for the plaintiff, such Limited Use documents shall be retained by plaintiff's attorney, but not disclosed

8. Nothing in this Stipulation and Protective Order shall be construed to preclude, either party from seeking additional protection of confidential materials, or from otherwise seeking a modification of this Stipulation and Protective Order.

9. In the event any party to this action receives a request, subpoena or other formal or informal demand from any source, whether related to another cause of action, proceeding, investigation, or otherwise, for the production or disclosure of any documents then in such party's possession or control, which are subject to Protective Order such party shall provide counsel of the Defendant written notice of such request, subpoena or demand at least 14 days prior to such party's

required response to such request, subpoena or demand. Should and such request, demand or subpoena require a response time of less than 14 days, the receiving party shall provide immediate notice to counsel for the Defendant of such, by telephone and telefax, to include sufficiently specific information as to permit the Defendant to state and pursue objection thereto prior to any scheduled or stated time for response.

10. This Stipulation and Protective Order shall become effective upon its execution by all parties (by their undersigned counsel) notwithstanding the date the Court herein enters the Stipulation and Protective Order.

Agreed to this ___6___ day of ___October___, 2006.

_____
ARLENE RICHARDSON
Attorney for Plaintiff, R.A., Jr. and
Richard Lemmel Arnold

_____
C. WINSTON SHEEHAN, JR.   SHE013
Attorney for the Defendant, Warren Garris

**ORDER**

The foregoing Stipulation and Protective Order is hereby ordered binding upon all parties to this action.

DONE this _____ day of _____, 2006.

_____
JUDGE

cc:   Hon. Arlene Richardson
      Hon. C. Winston Sheehan, Jr.