IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| R.A.Jr., (a minor child, by and through his Father and next best friend, Richard Lemmel Arnold, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 3:06-CV-337-WHA ) |
| DEPUTY SHERIFF WALTER LACEY, in his official and individual capacity Defendant. | ) ) ) ) |

## PLAINTIFF'S MOTION TO STRIKE
## DEFENDANT'S SUMMARY JUDGMENT EXHIBIT

COMES NOW, the Plaintiff, by and through his attorney of record, and moves this Court to enter an order striking the Defendant's Summary Judgment Exhibit, Alabama Bureau of Investigation Report (Hereinafter referred to as ABI Report). As grounds therefor, Plaintiff states as follows:

Defendant's Exhibit "ABI Report" as used in the Defendant's Section II, Narrative Summary of Facts paragraph 6, is due to be stricken pursuant to the *Federal Rules of Evidence* Rule 602 which provides, "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself." The ABI Report contains no personal knowledge of Charles Wright who signed the report. Mr. Wright merely recanted the incident as told to him by third persons. The Federal Rules of Civil Procedure has explicit instructions as to the form of affidavits and further testimony in summary judgment:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. . . .

*Federal Rules of Civil Procedure* Rule 56(e). The Defendant has failed to submit any affidavits of these third persons upon whom Corporal Charles Wright based the ABI Report.

Additionally, the Defendant's Exhibit "ABI Report" as used in the Defendant's Section II, Narrative Summary of Facts paragraph 6, is due to be stricken pursuant to the *Federal Rules of Evidence* Rule 801 as Corporal Charles Wright's ABI Report is hearsay and is completely made up of statements that he has heard from third persons. "A record which contains the hearsay statements of volunteers [be they bystanders or participants under no duty to impart the information] then, does not by operation of the business record statutes become admissible to prove the truth of those statements. Reeves v. King, 534 So. 2d 1109, 1111 (Ala. 1988) The Court in Nettles reversed and remanded that case because the lower Court admitted a State Trooper's investigative report into evidence contrary to the general rule, i.e., "[I]t is a settled rule of jurisprudence that the report of an investigating officer is not admissible on evidence as being hearsay." Nettles v. Bishop, 266 So. 2d 260, 264 (Ala. 1972) (Citations Omitted)

Finally, the ABI Report offered by the Defendant is not admissible as it is double hearsay. The Report consists of out of court statements by an investigator and third persons and is offered for the truth of the matter. The Report summarizes the out of court statements and concludes that the Defendant did not use excessive force. The Defendants would have the Court believe that because he performed the investigation and received recounts of the incident from other persons that the Defendant did not use excessive force as alleged by the Plaintiff. McMillian v. Johnson, 878 F.Supp. 1473 (M.D. Ala. 1995).

The Defendant offers ABI Report prepared by Corporal Charles Wright is inadmissible as it offers a conclusion to the question as to whether the Defendant used excessive force upon the Plaintiff during the incident that occurred on October 7, 2005. This is a question for the trier of fact. The ABI Report is not admissible evidence to prove that the Defendant did or did not use excessive and should; therefore, be stricken from the record as inadmissible.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully request this Honorable Court to strike Defendant's Exhibit known as Alabama Bureau of Investigation Report prepared by Corporal Charles Wright from the Defendant's Motion and Brief in Support of Summary Judgment cited herein.

Respectfully submitted this the 26TH day of January 2007.

                                                                                                                  <u>s/Arlene M. Richardson</u>
Bar Number ASB 9452-I60A
Attorney for the Plaintiff
**Richardson Legal Center, L.L.C.**
P.O. Box 971
Hayneville, Alabama 36040
Telephone: (334) 548-5660
Fax: (561) 228-1085
E-mail: <u>arlawyer@htcnet.net</u>

## CERTIFICATE OF SERVICE

I hereby certify that on the 26TH day of January 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL 36102-2148

and I certify that I have hereby mailed by U.S. Postal Service the document to the following non CM/ECF participants: NONE

                                                    <u>s/Arlene M. Richardson</u>
Bar Number ASB 9452-I60A
Attorney for the Plaintiff
**Richardson Legal Center, L.L.C.**
P.O. Box 971
Hayneville, Alabama 36040
Telephone: (334) 548-5660
Fax: (561) 228-1085
E-mail: <u>arlawyer@htcnet.net</u>