IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| R.A. JR. (a minor child, by and through his Father and next friend, Richard Lemmel Arnold,  )))) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: CV-3:06-cv-337-WHA |
| ) | |
| DEPUTY SHERIFF WALTER LACEY, in his official and individual capacity, ))) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Defendant, Walter Lacey, and submits this Reply Brief in support of his Motion for Summary Judgment:

In addition to adopting and incorporating the evidence, arguments, and legal citations contained within defendant's Motion for Summary Judgment (Doc. 17), Evidentiary Submissions (Doc. 19), and supporting Brief (Doc. 18), the defendant submits that the Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. 23) warrants mention of the following points:

1.      The plaintiff claims that the defendant is not entitled to immunity in his official capacity because he has brought a claim for injunctive relief.  However, in the plaintiff's Complaint, the plaintiff only asks the Court to enter a declaratory judgment that the plaintiff had been deprived of his civil rights and enter a declaratory judgment that the plaintiff was unlawfully assaulted and battered.  (Doc.1, p.7).  Nowhere in the plaintiff's Complaint does he seek any type of injunctive relief.  Indeed, the plaintiff does not seek to enjoin any actions by the defendant.  (Doc.1). Further, it is undisputed that the defendant is now a State Conservation

Officer and is no longer employed by the Macon County Sheriff as a sheriff's deputy. Therefore, any claim for injunctive relief is moot. Accordingly, the plaintiff's claims against the defendant in his official capacity are due to be dismissed.

2.      Although the plaintiff asserts that his §1983 claims are brought pursuant to both the Fourth and Fourteenth Amendment, the plaintiff fails to present any evidence that his claims are not properly analyzed pursuant to the Fourth Amendment, as opposed to the Fourteenth Amendment. The plaintiff states no independent cause of action for which a Fourteenth Amendment violation can lie. Accordingly, to the extent the plaintiff makes any claim for violation of his Fourteenth Amendment rights under the United States Constitution, those claims are due to be dismissed.

3.      The plaintiff contends that the defendant is not entitled to either qualified immunity for the §1983 claims, or immunity for the state law claims, because the defendant acted willfully and/or maliciously; however, the plaintiff fails to demonstrate that the defendant possessed any deliberate intent to do him harm. The Alabama Supreme Court has held that an action for malicious prosecution is not favored in law. See Boothby Realty Co. v. Hagood, 114 So.2d. 555 (Ala.1959). The Court noted that "one of the reasons for this rule is that public policy requires that all persons shall resort freely to the courts for redress of wrongs and enforce their rights and that this may be done without the peril of a suit for damages in the event of an unfavorable judgment by jury or judge." Id. at 559.

Further, the Alabama Supreme Court has:

> recognized that malice in law, or legal malice, for purposes of a malicious prosecution claim, is not sufficient to defeat a state agent's defense of discretionary function immunity. This court has required the plaintiff to prove that the defendant's conduct was so egregious as to amount to willful or malicious conduct or conduct engaged in bad faith, by, for example, showing that the defendant

> had a personal ill will against the plaintiff and that he maliciously or in bad faith arrested him solely for purposes of harassment. …Thus, for a plaintiff's claim of malicious prosecution against a state agent to be submitted to the jury, where the state agent has moved for a judgment as a matter of law based on the defense of discretionary function immunity, the plaintiff must have presented substantial evidence of malice in fact, or actual malice.

Ex parte Tuscaloosa County, 796 So.2d 1100, 1107 (Ala. 2000).

In the case at bar, there is no evidence, nor can there be, of any actual personal ill will against the plaintiff by the defendant to support a cause of action for malicious prosecution. Thus, plaintiff's claim for malicious prosecution is due to be dismissed.

4. Although the plaintiff asserts that Art. I, §14 of the Alabama Constitution does not protect a state officer when he acts "willfully" or "maliciously", this court has specifically held that "sheriffs and their deputies are absolutely immune from state-law claims in their individual and official capacities even if they are sued for actions that are malicious, intentional, or otherwise outside the scope of their authority." Newsome v. Lee County, Alabama, 431 F.Supp.2d 1189, 1207 n.11 (M.D. Ala. 2006). The plaintiff asserts claims against the defendant based not upon his actions as an individual, but arising out of his actions as a sheriff's deputy. Thus, the plaintiff's claims are essentially claims against the state and are barred. See also, Tinney v. Shores, 77 F.3d 378 (11th Cir. 1996)(holding that under Alabama law a sheriff and deputy sheriff are shielded by sovereign immunity against claims based upon intentional torts); McMillian v. Johnson, 101 F.3d 1363 (11th Cir. 1996)(noting that "under Alabama law, a claim against an Alabama sheriff in his individual capacity is barred by the doctrine of sovereign immunity"). This Court noted that "exceptions to this immunity apply only in situations where plaintiffs are seeking injunctive relief against a sheriff or deputy sheriff." Hester v. Lowndes County Com'n, 2006 WL 2547430 (M.D. Ala. 2006)(Albritton, J.). As set forth more fully in

3

paragraph 1 above, the plaintiff does not seek to enjoin the defendant from any actions, nor can he because the defendant is no longer employed by the Macon County Sheriff. Accordingly, the defendant is entitled to immunity for plaintiff's state law claims and they are due to be dismissed.

5. The plaintiff further claims that the defendant falsely imprisoned him. The plaintiff suggests that the defendant's alleged action of throwing him to the ground constitutes false imprisonment. However, the plaintiff goes on to suggest that his false imprisonment claim is premised on a claim of false arrest. It is undisputed that the plaintiff was not arrested on the night of the alleged incident with the defendant. Instead, the plaintiff notes that the defendant signed a warrant for the plaintiff's arrest at a subsequent time. The plaintiff cites to no legal authority that stands for the proposition that signing an arrest warrant constitutes false imprisonment. Further, the plaintiff cites to no legal authority for his proposition that a use of force constitutes false imprisonment. In fact, the plaintiff fled the scene after his encounter with the defendant and there is no evidence that he was restrained from doing so by the defendant. Accordingly, the plaintiff's claim for false imprisonment is due to be dismissed.

6. The defendant was at all material times hereto engaged in the exercise of his discretionary duties as a state official. Accordingly, he is entitled to immunity in his official capacity and individual capacity for the claims asserted by the plaintiff. The defendant hereby adopts and incorporates his Motion for Summary Judgment, Evidentiary Submission and Brief in support thereof as if fully setout herein. The defendant respectfully requests this Honorable Court enter summary judgment in his favor as to all claims brought against him.

/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR.
Attorney for the Defendant, Walter Lacey

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:     (334) 387-3222

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 5, 2007, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

Hon. Arlene M. Richardson
Richardson Legal Center, LLC
Post Office Box 971
Hayneville, AL 36040-0971

                                            /s/ C. Winston Sheehan, Jr.
                                            OF COUNSEL