IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| R.A. JR. (a minor child, by and through his Father and next friend, Richard Lemmel Arnold, </br></br>    Plaintiff, </br></br>vs. </br></br>DEPUTY SHERIFF WALTER LACEY, in his official and individual capacity, </br></br>    Defendant. | )</br>)</br>)</br>)</br>)</br>)</br>)</br>) Case No.: CV-3:06-cv-337-WHA</br>)</br>)</br>)</br>)</br>)</br>) |

### DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER

COMES NOW the Defendant, Walter Lacey, and submits the following response to the Court's Order to Show Cause (Doc.26):

On January 31, 2007, this Court entered an Order that the defendant show cause why plaintiff's Motion to Strike Defendant's Summary Judgment Exhibit (Doc.22) should not be granted. (Doc.26). The plaintiff moved to strike Defendant's Evidentiary Submission #2, final summary of findings by the Alabama Bureau of Investigation (ABI). (Doc.19). The plaintiff claims that the exhibit is due to be stricken pursuant to Rule 602 of the Federal Rules of Evidence because the author, he claims, does not have personal knowledge of the matters contained within the document. The plaintiff further claims that the document constitutes inadmissible hearsay under Rule 801 of the Federal Rules of Evidence.

Despite the plaintiff's claims to the contrary, the exhibit in question is admissible. Pursuant to Rule 803 of the Federal Rules of Evidence, the following is an exception to the hearsay rule:

Records, reports, statements, or data compilations, in any form, of

>public offices or agencies, setting forth…(C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

The Eleventh Circuit has specifically noted that: Rule 803(8)(C): "allows into evidence public records that (1) set forth factual findings (2) made pursuant to authority granted by law, (3) that the judge finds trustworthy, unless the evidence is otherwise inadmissible because it is irrelevant or is more prejudicial than probative." Watkins v. Southeastern Papers, Inc., 163 Fed.Appx. 823, 825 (11th Cir.2006). The Court went on to note that "the district court has broad discretion to admit or exclude evidence, and that decision will not be reversed absent a clear showing of abuse of that discretion." Id.

In Watkins v. Southeastern Papers, Inc., the Eleventh Circuit held that the district court did not err in considering a letter from the U.S. Copyright office indicating that an author had not registered his copyright in a book because it was a report from a public office or agency, falling under the public reports and record exception to the hearsay rule. The court noted that there was nothing to indicate that the document lacked trustworthiness and found that it was relevant and was not more prejudicial than probative. See also Barfield v. Orange County, 911 F.2d 644 (11th Cir.1990)(holding that the trial court did not err in admitting determinations made by the Equal Employment Opportunity Commission (EEOC) pursuant to Rule 803(8)(C)).

Similarly, in the case at bar, the ABI is a public office which investigated the incident made the basis of this lawsuit. There is nothing that would indicate that the document lacks trustworthiness. Therefore, the document is admissible under Rule 803 of the Federal Rules of Evidence and plaintiff's Motion to Strike is due to be denied.

WHEREFORE, THE FOREGOING PREMISES CONSIDERED, the defendant

respectfully requests this Honorable Court deny plaintiff's Motion to Strike the Alabama Bureau of Investigation report submitted by the defendant in support of his Motion for Summary Judgment.

/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR.
Attorney for the Defendant, Walter Lacey

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:     (334) 387-3222

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 9, 2007, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

Hon. Arlene M. Richardson
Richardson Legal Center, LLC
Post Office Box 971
Hayneville, AL 36040-0971

/s/ C. Winston Sheehan, Jr.
OF COUNSEL