IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| R.A. JR. (a minor child, by and through his Father and next friend, Richard Lemmel Arnold),<br><br>    Plaintiff,<br>v.<br><br>DEPUTY SHERIFF WALTER LACEY,<br>In his official and individual capacity,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No.: CV-3:06-cv-337-WHA<br>)<br>)<br>)<br>)<br>) |

## RESPONSE TO DEFENDANT'S MOTION TO STRIKE

**COMES NOW** the Plaintiff and responds to Defendant Lacey's Motion to Strike exhibits 3, 4, 13, and 16 submitted in support of plaintiff's response to summary judgment as follows:

The evidentiary burden for a non-movant to avoid summary judgment does not require a foundation and authentication of the evidence which will be produced at trial in its admissible form. It is now well settled that a nonmoving party is not required to produce evidence in a form that would be admissible at trial in order to avoid summary judgment.

> Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file. Such a motion, whether or not accompanied by affidavits, will be made and supported as provided in this rule, and Fed. R. Civ. P. 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. **The court does not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.**

Celotex Corp. v. Catrett, 477 U.S. 317 (U.S. 1986)( Emphasis added).

The evidence submitted by the plaintiff is capable of authentication at the trial and therefore is admissible for the purpose of summary judgment.

1. **PLAINTIFF'S EXHIBIT 3: EMERGENCY ROOM RECORD**
   **PLAINTIFF'S EXHIBIT 4: SOUTHEAST PEDIATRICS MEDICAL RECORD**

The emergency room record submitted by the Plaintiff is not inadmissible hearsay. The medical record is admissible under Rule 803 (4) and (6) as an exception to the hearsay rule. It is a record of regularly conducted activity kept in the regular course of business (Rule 803(6)) and the statements contained in it were made for the purpose of diagnosis and treatment and describe symptoms, pain or sensations pertinent to diagnosis (Rule 803 (4). These records can be authenticated by the witness Mrs. Arnold who witnessed the treatment of her son's condition and received the documents in connection therewith FRE 901(1) and/or the records can be authenticated by the custodian of records for the hospital and pediatrician FRE 902(11).

The emergency room record is relevant because it tends to show the existence of the material fact that R.A. Jr. was injured when the defendant struck him with the baton. The record states that the patient was hit by police at the Booker T. Washington football game Friday night. The record is material and relevant and made in connection with the incident complained of.

2. **EXHIBIT 13: LETTER FROM STEPHANIE ARNOLD TO MACON COUNTY COMMISSION.**

The letter dated October 26 to the County Commission is relevant because it tends to prove a material facts relating to the time line and actions of the defendant regarding the warrant of arrest issued by Lacey. It does not contain hearsay as Mrs. Arnold is capable of testifying at the trial and thus the statement is not hearsay FRE 801(c) and the document tends to prove a then existing state of mind admissible pursuant to FRE 803 (3).

3. **EXHIBIT 16: AFFIDAVIT OF STEPHANIE ARNOLD.**

The affidavit is based upon personal knowledge of Mrs. Arnold who attended all aspects of the juvenile trial and intake hearing. Mrs. Arnold's statement that her son was assaulted is not hearsay as she

is capable of testifying to her own statement in court and she is not repeating a third persons statement, thus the statement is not hearsay. Mrs. Arnold has observed the injuries her son suffered, and heard the testimony of the defendant officers at the trial of her son. Although she did not personally observe her son being struck by Deputy Lacey this fact will be established through the testimony of other witnesses. Further if the statement is not permissible it should be struck from the affidavit without affecting the other statements contained in the affidavit. "Even if an affidavit does contain some inadmissible material, the court is not required to strike the entire affidavit. The court may strike or disregard the inadmissible portions and consider the rest of the affidavit." (Internal citations omitted). Givhan v. Electronic Eng'rs, 4 F. Supp. 2d 1331, 1334 (D. Ala. 1998).

WHEREFORE, based upon the foregoing, Defendants Motion to Strike is due to be DENIED.

Respectfully submitted this the 13th day of February, 2007.

        **s/Arlene M. Richardson**
        Bar Number ASB 9452-I60A
        Attorney for the Plaintiff
        **Richardson Legal Center, L.L.C.**
        P.O. Box 971
        Hayneville, Alabama 36040
        Telephone: (334) 548-5660
        Fax: (334) 548-5661
        E-mail: arlawyer@htcnet.net

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

C. Winston Sheehan, Jr.  wsheehan@ball-ball.com, rsmith@ball-ball.com

And certify that I have hereby mailed by United States Postal Service the document to the following non-CM/ECF participants:

    NONE

Respectfully submitted,

    **s/Arlene M. Richardson**
    Bar Number ASB 9452-I60A
    Attorney for the Plaintiff
    **Richardson Legal Center, L.L.C.**
    P.O. Box 971
    Hayneville, Alabama 36040
    Telephone: (334) 548-5660
    Fax: (334) 548-5661
    E-mail: arlawyer@htcnet.net