IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| R.A. JR. (a minor child, by and through his Father and next friend, Richard Lemmel Arnold), | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: CV-3:06-cv-337-WHA |
| | ) |
| DEPUTY SHERIFF WALTER LACEY, In his official and individual capacity, | )<br>)<br>) |
| Defendant. | ) |

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on April 5, 2007, during which the following proceedings were held and actions taken:

1.  **PARTIES AND TRIAL COUNSEL:**

    **PARTIES:**                                   **TRIAL COUNSEL:**

    Plaintiff(s):   R.A. Jr. and Richard Lemmel Arnold       Arlene M. Richardson, Esq.
                    Father and Next Friend

    Defendant(s):  Deputy Sheriff Walter Lacey,              C. Winston Sheehan, Esq.

    **COUNSEL APPEARING AT PRETRIAL HEARING:**

    For the Plaintiff:     Arlene M. Richardson, Esq.

    For the Defendants:    C. Winston Sheehan, Esq.

2.  **JURSDICTION AND VENUE:**

    Venue in this case is proper in this Court as the acts complained of occurred in

Macon County Alabama. Jurisdiction of the U. S. District Court for the Middle District

of Alabama is appropriate pursuant to 42 U.S.C. §1983 and 1988; Title 28 U.S.C. § 1343(3) and (4) and the Fourth Amendment of the United States Constitution.

    3.    **PLEADINGS: The following pleadings have been allowed:**

        (a)    Plaintiff's Complaint
        (b)    Defendant's Answer
        (c)    Defendant's Amended Answer

    4.    **CONTENTIONS OF THE PARTIES:**

        **(a)**    **Plaintiff(s):**

**Cause of Action:**    **§ 1983 Fourth Amendment Violation**

Plaintiff R.A. Jr., a minor child, brings this claim through his Father Richard Lemmel Arnold. R.A. Jr. claims that his civil rights were violated when Deputy Sheriff Walter Lacey struck him with his expandable baton.

On October 7, 2005 at the Booker T. Washington football game R.A. Jr., his older brother and a friend were leaving the football game. Their mother was to pick them up at a pre-arranged time and place.

As they exited the stadium a young man in an orange T-shirt threatened to "put a cap" in R.A. Jr.'s older brother and showed them his gun. The friend, Raymond Swanson ran to tell the nearest police officer what had happened. Meanwhile a fight broke out between R.A. Jr.'s brother and the boy with the gun, Q. J.

Deputy Sheriff Whitlow arrived at the scene within seconds and grabbed both Q.J. and R.A. Jr.'s brother and held them apart at arms length. Deputy Whitlow asked Raymond Swanson to take R.A. Jr.'s brother from the scene as he dealt with Q.J.

R.A. Jr., his brother, and Raymond Swanson were leaving the area and had walked across the street. Deputy Walter Lacey approached R.A. Jr. from behind grabbed

and hit him with his baton, threw him on the ground and hit him several more times, then ran toward Deputy Whitlow.

As a result of the blows from Deputy Lacey's baton R.A. Jr. was injured. He was bruised on his side and shoulder and his thigh was very swollen. R.A. Jr.'s mother took him to the emergency room the next day because the swelling was not getting any better. The emergency room doctor diagnosed R.A. Jr. with a thigh hematoma and multiple soft tissue bruises. His private physician later diagnosed R.A. Jr. as having a broken blood vessel in his thigh. R. A. Jr. was given pain medication and told to use crutches for two weeks.

R. A. Jr. contends that Deputy Lacey violated his Fourth Amendment right to be free from unreasonable seizures and excessive force. Deputy Lacey used an unreasonable amount of force upon R.A. Jr. who had committed no crime and was not a threat to anyone. The force used by Deputy Lacey was unjustified and unnecessary under the circumstances.

R.A. Jr. claims compensatory damages for his personal injury and for the pain and suffering caused by the unlawful acts of Deputy Lacey. R.A. Jr. claims an award of nominal damages for the violation of his civil rights and payment of his attorney fees pursuant to § 1988. R.A. Jr. claims payment for his attorney fees for his representation in the juvenile court.

R.A. Jr. claims punitive damages because the acts of Deputy Lacey were done with malice or reckless indifference to his federally protected rights.

   **(b)**    **Defendant(s):**

1. On the night of October 7, 2005, just prior to the end of the football game, Macon County Deputies were told there was a black male outside of the football stadium with a gun in his possession. Macon County Deputy Whitlow observed the individual as well as several others fighting. Deputy Whitlow called for assistance and was able to apprehend the individual who reportedly had the gun and the plaintiff's brother, R. L. As Deputy Whitlow was attempting to stop the fight the plaintiff was trying to strike at the person being taken into custody. In order to do this the plaintiff was having to swing over Deputy Whitlow. Deputy Walter Lacey observed Deputy Whitlow between two individuals trying to get them under control. Deputy Lacey tried to pull the plaintiff away. Deputy Lacey struck the person with his baton on the right leg and once on the right arm in an effort to get the plaintiff to stop fighting. The plaintiff let go and was able to get away and run off. Several fights had broken out and Deputy Lacey was trying to assist another Officer caught between two persons that were fighting. Deputy Lacey used that amount of force which was necessary. The actions of the Defendant were reasonable and indeed appropriate under the circumstances in order to restore order to an escalating situation.

2. The Complaint fails to state a cause of action against this Defendant upon which relief may be granted.

3. Defendant denies that the Plaintiff was subjected to excessive force in violation of the Fourth Amendment to the United States Constitution. Defendant demands strict proof thereof.

4. Deputy Lacey did not use excessive force against the plaintiff. Deputy Lacey contends that the force he used was objectively reasonable in light of the

circumstances and that he is entitled to qualified immunity. The minimal force he used during the incident was not excessive and was only that force which was necessary. The actions of Deputy Lacy were reasonable and necessary in order to restore order and for the protection of others in accordance with § 13A-3-27(a)(2) of the *Code of Alabama* (1975, as amended). The Defendant pleads justification and privilege.

5. The Defendant pleads immunity granted by the common law, the Federal and State Constitutions and statute. The Defendant pleads Eleventh Amendment immunity as well as good faith qualified immunity. The Defendant asserts absolute immunity pursuant to Article I, § 14 of the Alabama Constitution.

6. The Plaintiff's alleged injuries resulted from his own wrongful or criminal conduct, and he failed to mitigate his damages.

7. Any award of punitive damages to Plaintiffs would be a violation of the Defendant's federal and state constitutional rights as previously set out in the Amended Answer to the Complaint filed in this case.

### 5. STIPULATIONS BY AND BETWEEN THE PARTIES:

There are no stipulations by and between the parties in this case.

6. The Plaintiff(s) shall file a trial brief with the court on or before April 23, 2007. The Defendants shall file a trial brief with the court on or before April 30, 2007.

7. A trial docket will be mailed to counsel approximately one month prior to a trial term. **If a jury trial:** the parties shall file any requested voir dire questions, motions in limine, fully briefed, and any proposed jury instructions, together with

citations of law thereon, on or before two weeks prior to the date shown on the docket for jury selection, unless said time is shortened by the court on motion of either party.

      **8.**    Each party shall have available at the time of trial, for use by the court, two copies of the list of the party's exhibits and two extra copies of each photo statically reproducible exhibit.

      **9.**    It is **ORDERED** by this Court that all of the above-named allowances and agreements be, and the same are hereby, binding upon all parties in the above-styled cause unless this Order be hereafter modified by Order of the Court.

DONE this 18th day of April, 2007.

/s/ W. Harold Albritton
SENIOR UNITED STATES DISTRICT JUDGE