IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| R.A. JR. (a minor child, by and through his Father and next friend, Richard Lemmel Arnold), <br>     Plaintiff, <br> v. <br> DEPUTY SHERIFF WALTER LACEY, <br> In his official and individual capacity, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> )   Case No.: CV-3:06-cv-337-WHA <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBIT LIST

COMES NOW the Plaintiff by and through his counsel of record and hereby submits his objections to defendant's exhibit list and in support thereof states as follows:

**Defendant's Exhibit 1: Photograph of .38 Caliber Revolver.**

Plaintiff objects to Exhibit 1, for the following reasons:

1.  Non disclosure: The defendants did not disclose the photograph until it was listed on the exhibit list. Plaintiff requested in his subpoena duces tecum attached to the Notice of Deposition of Walter Lacey and Deputy Whitlow that the witness brings all "items" and further requested photographs in Plaintiff's First Request for Production #3 and 4 served 9/7/06.

2.  Fed. R. Evid. Rule 403. The probative value of the picture of the gun is substantially outweighed by the danger of its prejudicial effect, confusion of the issues, or misleading the jury. The picture allegedly depicts the revolver confiscated from Q. J., the juvenile arrested the night of the incident. The introduction of the picture would suggest to the jury that the officers at the scene were aware of the actual existence of a gun. However, the gun was found concealed in the pocket of the juvenile arrested after the fight was over and after the juvenile was placed under arrest. The officers did not see the gun until <u>after</u> the arrest and were not threatened by the gun during the incident.

3.  To show the gun to the jury would cause them alarm and mislead and confuse them into believing that the officers had been threatened with the gun, when in fact the officers were not. Although it is

1

undisputed that the officers were told by Raymond Swanson that the boy in the orange shirt had a gun, the presence of the gun did not manifest itself until the boy was taken into custody.

4.   Authentication: The defendant can not authenticate the gun as the gun confiscated from Q.J. the night of October 7, 2006 without producing the investigation file of Q.J. The Plaintiff requested all files and investigative files related to the incident of October 7, 2005 and attempted to subpoena the juvenile file directly from the Court. No responsive documents were ever produced. Now at this late date, the defense obviously has access to these documents but only produces what it deems beneficial.

WHEREFORE Plaintiff prays that Defendant's Exhibit 1 be STRIKEN.

**Defendants Exhibit No. 3. Statement from Plaintiff to ABI Investigator.**

5.   Plaintiff objects to Defendants Exhibit No. 3. The Statement signed by Richard Arnold (father) and written by the ABI investigator Charles Wright is inadmissible hearsay. First, the statement was not given under oath; second, the statement does not meet the definition of non hearsay pursuant to Fed. R. Evid. Rule 801(d)(1A)-(B) or (C) which states in pertinent part:

> (d) Statements which are not hearsay. A statement is not hearsay if--
> (1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, **and the statement is** (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, or (C) one of identification of a person made after perceiving the person; (Emphasis Added).

WHEREFORE, plaintiff prays this court STRIKE Defendant's Exhibit 3.

**Defendant Exhibit No. 4: Final Summary Report by Alabama Bureau of Investigation.**

6.   Plaintiff objects to the introduction of Defendants Exhibit No. 4 as follows:

7.   Defendant's Exhibit 4 is due to be stricken pursuant to the *Federal Rules of Evidence* Rule 602 which provides, "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself." The ABI Report contains no personal knowledge of Charles Wright who signed the report. Mr. Wright merely recanted the incident as told to him by third persons.

2

8. Defendant's Exhibit 4 is due to be stricken pursuant to the *Federal Rules of Evidence* Rule 801 as Corporal Charles Wright's ABI Report is hearsay and is completely made up of statements that he has heard from third persons. "A record which contains the hearsay statements of volunteers [be they bystanders or participants under no duty to impart the information] then, does not by operation of the business record statutes become admissible to prove the truth of those statements. Reeves v. King, 534 So. 2d 1109, 1111 (Ala. 1988). The Court in Nettles reversed and remanded that case because the lower Court admitted a State Trooper's investigative report into evidence contrary to the general rule, i.e., "[I]t is a settled rule of jurisprudence that the report of an investigating officer is not admissible on evidence as being hearsay." Nettles v. Bishop, 266 So. 2d 260, 264 (Ala. 1972) (Citations Omitted)

9. The ABI Report offered by the Defendant is not admissible as it is double hearsay. The Report consists of out of court statements by an investigator and third persons and is offered for the truth of the matter asserted. The Report summarizes the out of court statements and concludes that the Defendant did not use excessive force. McMillian v. Johnson, 878 F.Supp. 1473 (M.D. Ala. 1995).

10. The ABI Report prepared by Corporal Charles Wright is inadmissible because it offers a conclusion to the ultimate question as to whether the Defendant used excessive force upon the Plaintiff during the incident that occurred on October 7, 2005. This is a question for the trier of fact. The ABI Report is not admissible evidence to prove that the Defendant did or did not use excessive force and should; therefore, be stricken from the record as inadmissible.

11. The ABI report is not admissible because it describes the "investigation." The techniques used by law enforcement officers such as the ABI agent in this case are not admissible to prove the facts underlying the investigation. The report of Charles Wright is not substantive evidence that excessive force was used and is not admissible as such.

> [T]his evidence is nothing more than the introduction of the investigative techniques of law enforcement officers. Every defendant has a right to be tried based on the evidence against him or her, not on the techniques utilized by law enforcement officers in investigating criminal activity. Drug courier profile evidence is nothing more than the opinion of those officers conducting an investigation. Although this information is valuable in helping drug agents to

3

identify potential drug couriers, the court denounces the use of this type of evidence as substantive evidence of a defendant's innocence or guilt.

US v Williams, 957 F2d 1238 (5th Cir Tex 1992); US v Hernandez-Cuartas, 717 F2d 552, 555 (11th Cir Fla. 1983).

The ABI report is not admissible under Fed. R. Evid. 808(3) (C) because it does not meet the test of trustworthiness under the exception to hearsay discussed in Beech Aircraft. There are four factors mentioned by the advisory committee regarding the trustworthiness of certain investigatory reports: "(1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing was held; and (4) possible bias when reports are prepared with a view to possible litigation." Fed. R. Evid 803(8)(C). Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 165-170 (U.S. 1988).

12. In the present case elements three and four are suspect. The investigation was conducted in anticipation of litigation since the County Commission was notified on December 12, 2005 by counsel for the plaintiff that litigation was possible and a Notice of Complaint was served that day. Additionally, no hearing was held in this case for Deputy Lacey, but there was a trial on the merits of defendant Lacey's criminal charges of disorderly conduct against the plaintiff which ended in the plaintiff's acquittal. The acquittal of R.A. Jr. on the charges brought against him show that the investigation is not trustworthy.

13. Further, the plaintiff objects because Defendant's Exhibit 5 is incomplete. Rule 106 of the Federal Rules of Evidence states: Remainder of or Related Writings or Recorded Statements When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

WHEREFORE, plaintiff prays this Court STRIKE Exhibit 4.

**Defendant's Exhibit 5: Letter from District Attorney's office to Sheriff Warren.**

14. Defendant's exhibit No. 5 consists of inadmissible triple hearsay and is not admissible in this case. Furthermore, it states a conclusion which should properly be determined by the jury. The document signed by two Macon County District Attorneys is based completely on hearsay is prejudicial to the plaintiff and is

4

meant to mislead the jury by impressing upon them that two district attorneys concluded that there was no excessive force used by Defendant Lacey. The document has absolutely no probative value as it merely recites the self serving conclusions of the ABI report. It is well settled that "[a] man cannot make evidence for himself by writing a letter containing the statements that he wishes to prove." Leach & Co. v. Peirson, 275 U.S. 120, 128 (U.S. 1927). Additionally, the document does not meet the trustworthiness test set out in Beech

15.   Exhibit 5 is inadmissible pursuant to Rule 403. The probative value of the letter is substantially outweighed by the danger of its prejudicial effect, confusion of the issues, or misleading the jury.

WHEREFORE, plaintiff prays this Court STRIKE Exhibit 5.

**Defendants Exhibit 9: Grade Report and Disciplinary Report of Richard Arnold Jr.**

16.   The Plaintiff objects to the introduction of Richard Arnold Jr.'s school grade report and disciplinary file because it is irrelevant, immaterial and a waste of time. The plaintiff's school grades have no bearing whatsoever on any question in this case and do not tend to prove or disprove any fact in this case. Furthermore, the "comments: Disruptive" contained in the grade report are prejudicial and not related in time to the events of this lawsuit. The disciplinary file contains the notes of another student and other disciplinary actions with took place after the October 7, 2005 incident, have no probative value in this case and are prejudicial. Even if they were relevant their prejudicial effect most certainly outweighs their probative value. Fed. R. Evid. 403.

17.   The Plaintiff also objects to the introduction of Richard Arnold Jr.'s disciplinary file which presumably will be offered as habit evidence under Rule 406. Evidence of Habit is admissible to prove the conduct of a person on a particular occasion. However the habit evidence needs to predate the occasion. In this case; R.A. Jr. was struck by the defendant on October 7, 2005, and all of the disciplinary file entries in Defendants Exhibit 9 occurred after October 7, 2005. Therefore, the Defendant's Exhibit 9 cannot prove habit pursuant to Rule 406. Further Exhibit 9 is also improper pursuant to Rule 404(b). Rule 404(b) evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to

5

show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b). The Eleventh Circuit in reviewing decisions on the admissibility of 404(b) evidence uses a "three-part test for admissibility of such evidence: (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act; and (3) the evidence must have probative value that is not substantially outweighed by undue prejudice. A similarity between the other act and a charged offense will make the other offense highly probative with regard to a defendant's intent in the charged offense." United States v. Holmes, 171 Fed. Appx. 753 (11th Cir. 2006). The school disciplinary record does not meet any part of the admissibility test in this case.

18.   Rule 405 (b) precludes the use of specific instances of conduct contained in the school disciplinary file because the character trait of R.A. Jr. is not an essential element of the claim or defense of this case.

> Rule 405(b) allows the admission of proof of specific instances of a person's conduct in "cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense ...." Fed. R. Evid. 405(b). Because this evidence has the greatest capacity to arouse prejudice, confuse, surprise, and consume time, proof of specific instances of a person's conduct may be used only when character is in issue "in the strict sense." Talamante, 981 F.2d at 1156 (citing Fed. R. Evid. 405 advisory committee's note). Character is directly in issue "in the strict sense" when it is a material fact that under the substantive law determines rights and liabilities of the parties. Perrin v. Anderson, 784 F.2d 1040, 1045 (10th Cir. 1986) Edward W. Cleary, McCormick on Evidence § 187, at 551 (3d ed. 1984)). In such a case the evidence is not being offered to prove that the defendant acted in conformity with the character trait; instead, the existence or nonexistence of the character trait itself determines the rights and liabilities of the parties. Id. (citations omitted). The most obvious example is a defamation action. Whether the plaintiff has the character trait in question itself determines whether the defendant is liable.

United States v. Morris, 41 Fed. Appx. 160, 163-165 (10th Cir. 2002).

   WHEREFORE, plaintiff prays that this Court STRIKE Exhibit 9.

19.   For all of the foregoing reasons plaintiffs request that the Defendants be precluded from introducing exhibits 1, 3, 4, 5 and 9 at the trial of this cause.

Respectfully submitted this the 19th day of April, 2007.

6

s/Arlene M. Richardson
Bar Number ASB 9452-I60A
Attorney for the Plaintiff
**Richardson Legal Center, L.L.C.**
P.O. Box 971
Hayneville, Alabama 36040
Telephone: (334) 548-5660
Fax: (334) 548-5661
E-mail: arlawyer@htcnet.net

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

C. Winston Sheehan, Jr.   wsheehan@ball-ball.com,  rsmith@ball-ball.com

And certify that I have hereby mailed by United States Postal Service the document to the following non-CM/ECF participants:

NONE

Respectfully submitted,

s/Arlene M. Richardson
Bar Number ASB 9452-I60A
Attorney for the Plaintiff
**Richardson Legal Center, L.L.C.**
P.O. Box 971
Hayneville, Alabama 36040
Telephone: (334) 548-5660
Fax: (334) 548-5661
E-mail: arlawyer@htcnet.net