FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| R.A. JR. (a minor child, by and through his Father and next friend, Richard Lemmel Arnold),<br>    Plaintiff,<br>v.<br>DEPUTY SHERIFF WALTER LACEY,<br>In his official and individual capacity,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No.: CV-3:06-cv-337-WHA<br>)<br>)<br>) |

## OBJECTIONS TO DEFENDANTS WITNESS LIST

COMES NOW the Plaintiff and makes his objection to Defendant's witness list as follows:

1. Witness No. 10 Wanda Penn: Assistant principle BTW High School.
   Witness No. 11 John Curry: Assistant principle Tuskegee Institute Middle School.
   Witness No. 12 Freddie Williams: Teacher Tuskegee Institute Middle School
   Witness No. 13 Dorothy Hooks: Principle Tuskegee Institute Middle School

These witnesses who are employees of Tuskegee Institute Middle School and BTW High School have no personal knowledge of the events of the night of October 7, 2005. These witnesses presumably will testify to R.A. Jr.'s performance and/or conduct in school. This would be evidence of reputation, character or habit which is inadmissible under the circumstances of this case.

Wanda Penn, assistant principle of BTW High School, testimony would not be relevant or material since R.A. Jr. did not attend BTW High School at the time of the incident.

As explained more fully in plaintiff's objection to the admissibility of R.A. Jr.'s disciplinary records and grade reports, the defendant can not introduce testimony of a person's character or trait for the purpose of proving conformity there with on a particular occasion. Fed. R. Evid. 404 (a). Testimony of reputation under 405(b) is inadmissible because character is not an essential element of the charge or claim. Fed. R. Evid. 405(b). Habit evidence is not admissible in this case because the acts requiring discipline of R.A. Jr. occurred after the event giving rise to this claim.

Presuming that the defendant attempts to introduce this character, habit or reputation testimony to show that R.A. Jr. acted disorderly on the night in question, the most compelling reason to exclude this

testimony is that R. A. Jr. was acquitted of disorderly conduct by a juvenile judge who heard testimony from all of the police officers present on that night.

2. Witness No. 6 Charles Wright, Alabama Bureau of Investigation, has no personal knowledge of the events giving rise to this complaint. Mr. Wright can testify to nothing other than hearsay and his investigative procedures which are both inadmissible. "[I]t is a settled rule of jurisprudence that the report of an investigating officer is not admissible on evidence as being hearsay." Nettles v. Bishop, 266 So. 2d 260, 264 (Ala. 1972). Every defendant has a right to be tried based on the evidence against him or her, not on the techniques utilized by law enforcement officers in investigating criminal activity. US v Williams, 957 F2d 1238 (5th Cir Tex 1992); US v Hernandez-Cuartas, 717 F2d 552, 555 (11th Cir Fla. 1983).

3. Witness No. 8: Lt. Marvin Crayton, Macon County Sheriff Department has no personal knowledge of the events of the night in question and thus plaintiff objects to his testimony. Any accounts of the events by Lt. Crayton would be inadmissible hearsay.

4. Witness No. 9: Deputy Andre' Brunson, Macon County Truancy Officer has no personal knowledge of the events of the night in question and thus plaintiff objects to his testimony. Any accounts of the events by Deputy Brunson would be inadmissible hearsay.

5. Witness No. 9: O'Neal Hardman, Macon County Juvenile Court has no personal knowledge of the events on the night in question and thus plaintiff objects to his testimony. Any account of the events by Deputy Brunson would be inadmissible hearsay.

**WHEREFORE**, plaintiff prays this court preclude the defendant from calling these witnesses at the trial of this cause.

Respectfully submitted this the 19th day of April, 2007.

s/Arlene M. Richardson
Bar Number ASB 9452-I60A
Attorney for the Plaintiff
**Richardson Legal Center, L.L.C.**
P.O. Box 971
Hayneville, Alabama 36040
Telephone: (334) 548-5660
Fax: (334) 548-5661
E-mail: arlawyer@htcnet.net

## CERTIFICATE OF SERVICE

I hereby certify that on April 19th, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

C. Winston Sheehan, Jr.  wsheehan@ball-ball.com, rsmith@ball-ball.com

And certify that I have hereby mailed by United States Postal Service the document to the following non-CM/ECF participants:

NONE

Respectfully submitted,

s/Arlene M. Richardson
Bar Number ASB 9452-I60A
Attorney for the Plaintiff
**Richardson Legal Center, L.L.C.**
P.O. Box 971
Hayneville, Alabama 36040
Telephone: (334) 548-5660
Fax: (334) 548-5661
E-mail: arlawyer@htcnet.net