IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

R.A.Jr., (a minor child, by and through his )
Father and next best friend, Richard Lemmel )
Arnold, )
        Plaintiff, )
v. ) Case No.: 3:06-CV-337-WHA
DEPUTY SHERIFF WALTER LACEY, )
in his official and individual capacity )
        Defendant. )

## OBJECTION TO DEFENDANTS INTENT TO USE DEPOSITION PARTS

**COMES NOW** the Plaintiff, before trial in the above entitled case, and moves the Court for an order instructing the Defendant to refrain absolutely from reading into evidence any testimony taken at the depositions of Richard Arnold and Richard Arnold, Jr. Plaintiff request that the Defendant be put on notice that the deposition parts identified in the Defendant's Deposition Designation for use at trial be used only for purposes to refresh memory and/or impeachment only. [Exhibit 1][1]

The Plaintiff believes that the Defendant intends to "read into evidence" the designated deposition parts of the Plaintiffs at the trial of this cause.(See Exhibit 1, ¶ 1 Line 3). In support of Plaintiffs' objection to the admissibility of Richard Arnold and Richard Arnold, Jr.'s depositions, Plaintiff would state as follows:

2.    That pursuant to *The Fed. R.Evid.* Rule 801(d)(1) Prior statement by witness; If the declarant testifies at the trial and is subject to cross examination concerning the statement his prior testimony is inadmissible. Defendant may use such testimony to refresh the declarant's memory or to rebut or impeach the declarant's trial testimony.

3.    The Plaintiffs will be present at trial and available for cross examination by the Defendant; therefore, the Plaintiffs' depositions are not admissible pursuant to any exceptions to the Federal Rules of Evidence Rule 803 and are not admissible pursuant to Rule 613(b). It is well settled law that depositions are not admissible as evidence.

> [B]y section 865 of the Revised Statutes it is expressly provided that, 'unless it appears to the satisfaction of the court that the witness is then dead, or gone out of the United States, or to a

---

[1] Plaintiffs' Exhibit 1—Defendant's Deposition Designation

greater distance than one hundred miles from the place where the court is sitting, or that, by reason of age, sickness, bodily in firmity, or imprisonment, he is unable to travel and appear at court, such deposition shall not be used in the cause.' This was first enacted in the judiciary act of September 24, 1789, *c.* 20, § 30, (1 St. 90,) and it has been in force from that time until now.

Whiteford v. County of Clark, 119 U.S. 522 (1886).

Furthermore, if the deposition parts are used for impeachment or rebuttal, Plaintiff reserves the right to read the portion used in its entirety.

**WHEREFORE, PREMISES CONSIDERED,** The Plaintiffs' pray that this Honorable Court give proper notice to the Defendant that the depositions of Richard Arnold and Richard Arnold, Jr., are not admissible as evidence other than to be used to refresh memory, impeachment purposes, and/or rebuttal purposes.

Respectfully submitted this 18th day of April, 2007.

> **s/Arlene M. Richardson**
> Bar Number ASB 9452-I60A
> Attorney for the Plaintiff
> **Richardson Legal Center, L.L.C.**
> P.O. Box 971
> Hayneville, Alabama 36040
> Telephone: (334) 548-5660
> Fax: (561) 228-1085
> E-mail: arlawyer@htcnet.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL 36102-2148

and I certify that I have hereby mailed by U.S. Postal Service the document to the following non CM/ECF participants:   NONE

> **s/Arlene M. Richardson**
> Bar Number ASB 9452-I60A
> Attorney for the Plaintiff
> **Richardson Legal Center, L.L.C.**
> P.O. Box 971
> Hayneville, Alabama 36040

Telephone: (334) 548-5660
Fax: (561) 228-1085
E-mail: arlawyer@htcnet.net