DEFENDANT'S REQUESTED CHARGE NO. 1


I charge you that in arriving at a verdict in this case, the law does not permit you to be influenced by sympathy, prejudice, or emotion. A.P.J.I. Civil 1.12.


GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 2


In awarding damages in any case your verdict must not be based on mere speculation or conjecture but must be based upon the evidence and the just and reasonable inferences shown thereby.

APJI. 11.22


GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 3

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that the Plaintiffs' claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claim by a preponderance of the evidence, you should find for the defendant as to that claim.

See Pattern Jury Instructions: Civil Cases (1990 Ed.), U.S. Eleventh Circuit District Judges Association, § 1.

GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 4

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find that," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

See **FPJI** § 72.02

GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 5

A preponderance of evidence to satisfy the burden of proof in civil cases means evidence, when considered with that opposed to it, which has more convincing force, and demonstrates that what is sought to be proved is more likely true than not true.

LaFleur v. Wallace State Community College, 955 F. Supp 1406 (M. D. Ala.l996).

GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 6

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe that any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such weight as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

See **FJPI.** § 105.04.

GIVEN _____

REFUSED _____

_____

JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 7

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness' present testimony; or by evidence that the witness has been convicted of a felony, that is, an offense punishable by imprisonment for a term of years.

If you believe that any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness, or give it such weight as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Federal Jury Practice and Instructions, Vol 3, § 72.05, Devitt, Blackmar and Wolff.

GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 8

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

See Pattern Jury Instructions: Civil Cases (1999 Ed.), U.S. Eleventh Circuit, § 3.

GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 9

Proper standard for judging claims of use of excessive force in violation of Fourth Amendment is one of objective reasonableness; the question is whether the officer's actions are objectively reasonable in light of acts and circumstances confronting him, without regard to their underlying intent or motivation.

Cottrell v. Caldwell, 85 F.3d 1480 (11th Cir.1996); U.S.C.A. Const., Amend. 4.

GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 10

You must determine the degree of force that a reasonable and prudent police officer would have applied in effecting the arrest under the circumstances shown from the evidence received in the case. In determining whether Walter Lacey used excessive force, you may consider:

1.      The extent of the injury suffered,
2.      The need for application of force,
3.      The relationship between the need and the amount of force used,
4.      The threat reasonably perceived by the responsible officials, and
5.      Any efforts made to temper the severity of a forceful response. Injuries which result from, for example, an officer's use of force to overcome resistance to arrest do not involve constitutionally protected interests. An officer's use of excessive force does not give constitutional protection against injuries that would have occurred absent the excessive force.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer at the scene, rather than with hindsight. The nature of the reasonableness must allow for the fact that police officers are often forced to make split-second judgments - under circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation.

This reasonableness inquiry is an objective one. The question is whether Walter Lacey's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to their underlying intent or motivation.

If you find that the plaintiff, R.A., Jr., has proven his claim, you must then consider the defense of Walter Lacey that his conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue and that he is therefore not liable.

Police officers are presumed to know about the clearly established constitutional rights of citizens.

If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the arrest, you find from a preponderance of the evidence that plaintiff, R.A., Jr., has proved that Walter Lacey knowingly violated the law regarding the plaintiffs constitutional rights, you must find for plaintiff.

If, however, you find that Walter Lacey had a reasonable belief that his actions did not violate the constitutional rights of the plaintiff, R.A., Jr., then you cannot find Walter Lacey liable even if the plaintiffs' rights were in fact violated as a result of Walter Lacey's objectively reasonable action.
See FPJJ, § 165.23


GIVEN _____


REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 11

The standard of conduct when determining the reasonableness of the force used in making an arrest is that of an ordinary, prudent man under the existing circumstances.

*Hamilton v. Chaffin*, 506 F.2d 904 (5th Cir. 1975)

GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 12

You must avoid substituting your personal notions of proper law enforcement procedure for the instantaneous decision of the officer at the scene. We must never allow the theoretical, sanitized world of our imagination to replace the dangerous and complex world that law enforcement face every day. What constitutes "reasonable" action may seem quite different to someone facing a possible assailant than to someone analyzing the question at leisure.

*Smith v. Freland*, 954 F.2d 343, 347 (6th Cir.), *cert denied*, 504 U.S. 915 (1992).

GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 13

In determining whether an officer's use of force is objectively reasonable under Fourth Amendment, you must consider factors such as need for application of force, the relationship between need and amount of force used, the extent of injury inflicted and whether force was applied in good faith or maliciously and sadistically; furthermore, in making this objective assessment, you may consider in addition to physical injury other relevant factors, including the possibility that persons subject to police action are themselves violent or dangerous, the duration of action, whether the action takes place in context of effecting an arrest, the possibility that suspect may be armed, the number of persons with whom police officers must contend at one time, the severity of crime, whether the suspect posed immediate threat, and whether the suspect was resisting or fleeing.

*Jackson v. Sauls*, 206 F.3d 1156 (11$^{tll}$ Cir. 2000); U.S.CA. Const. Amend. 4.

GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 14


The Court charges the jury that a peace officer in making an arrest or in the defense of himself or others is allowed to use as much force as reasonable and necessary under the circumstances.

See *Graham v. Connor*, 490 U.S. 386, 109 S" Ct. 1865, 104 L. Ed 2d 443 (1989).


GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 15


The Court charges the jury that the fact I instructed you on the proper measure of damages should not be considered as an indication of any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages is given only for your guidance in the event that you should find in favor of Plaintiff on the question of liability by preponderance of the evidence and in accord with the other instructions or rules of law that I have given you. You are to take no cue or draw any inference whatsoever from the fact I instructed you on the law of damages.

(FPJI 71.16).


GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 16


I charge you that damages may not be based on the abstract value or importance of a constitutional right. The basic purpose of Section 1983 damages is to compensate persons for injuries caused by the deprivation of a constitutional right. The burden of proof is on Plaintiff to establish by a preponderance of the evidence that he has suffered actual injury as a result of a constitutional violation.

See Memphis Community School District v. Stachura, 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986).

GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 17

The Plaintiff has made a claim for punitive damages under § 1983 in this case against Walter Lacey. Punitive damages are not favored in law and are to be allowed only with caution and within narrow limits. They are to be awarded in cases brought under Section 1983 only where the conduct of Walter Lacey is shown to be motivated by evil motive or intent or where it involves reckless indifference to the constitutionally protected rights of others. Punitive damages may be awarded only to deter or punish violations of constitutional rights.

Smith v. Wade, 461 U.S. 30, 56 (1983); Gagne v. Town of Enfield, 734 F.2d 902 (2nd Cir. 1984); Stallworth v. Shuler 777 F.2d 1431 (l1th Cir. 1985).

GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 18

In addition to actual damages, the law permits you, under certain circumstances, to award the injured person punitive and exemplary damages in order to punish the wrongdoer for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find from a preponderance of the evidence that the that the Plaintiffs are entitled to a verdict for actual or compensatory damages, and you further find that the act or omission of Defendant Walter Lacey, proximately causing actual injury or damages to the Plaintiff, was maliciously, or wantonly, or oppressively done, then you may add to the award of actual damages such amount as you shall unanimously agree to be proper, as punitive and exemplary damages.

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or towards all persons in one or more groups or categories of which the injured person is a member.

An act or a failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the injured person.

An act or failure to act is "oppressively" done, if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether or not to make any award of punitive and exemplary damages, in addition to actual damages, is a matter exclusively within the province of the jury, if you unanimously find, from a preponderance of the evidence in the case, that Defendant Walter Lacey's act or omission, which proximately caused actual damage to the Plaintiff was maliciously or wantonly or oppressively done.

You should always bear in mind that such extraordinary damages may be allowed only if you should first unanimously award the Plaintiff a verdict for actual or compensatory damages. You should also bear in mind, not only the conditions under which, and the purposes for which, the law permits an award of punitive and exemplary damages to be made, but also the requirement of the law that the amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

See **FJPI.** § 128.81.

GIVEN _____

REFUSED _____

_____

JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 19


The Court charges the jury it does not follow that because Plaintiff may be entitled to compensatory damages he is also entitled to punitive damages against Walter Lacey.

Wright v. Sheppard, 919 F.2d 665 (11th Cir. 1990).


GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 20

"Policemen on the beat are exposed, in the service of society, to all the risk which the constant effort to prevent crime and apprehend criminals entails: Because these people are literally the foot soldiers of society's defense of liberty, the state has a special interest in their protection."

Harrell v. Decatur County, Georgia, 41 F.2d 1494 (11th Cir. 1995) *vacating and adopting decent in* 22 F.3d 1570 (11th Cir. 1994) (quoting Roberts v. Louisiana, 431 U.S. 633, 646-47 (1977) (Renquist, J. decenting).

GIVEN _____

REFUSED _____

_____

JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 21


The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving about the amount of force that is necessary in a particular situation.

*Graham*, 490 U.S. at 396-97.


GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 22


I charge you not every push or shove, even if it may later seem unnecessary in the peace of a courtroom, creates a cause of action. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving about the amount of force that is necessary in a particular situation.

See *Graham v. Connor*, 109 S.Ct. 1865 (1989).


GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 23

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.

See *Graham v. Conner*, 490 U.S. 386, 109 S. Ct. 1865 (1989).

GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 24


In making an objective assessment, a juror may consider, in addition to physical injury, "other relevant factors, including the possibility that the persons subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at any one time."

*Crosby v. Paulk*, 187 F.3d 1339, 1351 (11th Cir. 1991) (quoting *Sharrar v. Felsing*, 128 F.3d 810, 822 (3rd Cir. 1997).


GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 25


The test you are to use to determine if the force used in the case was excessive in this: pay careful attention to the facts and circumstances, including the severity, or lack of severity, of the alleged crime in issue; whether the person against whom the force was used posed an immediate threat to the safety to the police or others; and whether the person against whom the force was used was actively resisting arrest or attempting to evade arrest by flight (trying to get away). You must weigh together all of these three factors to determine whether or not the force used was or was not excessive.

Graham v. Conner, 490 U.S. 386, 396, 109 S.Ct. 1865, 1972, 104 L.Ed.2d 443 (1989).

GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 26

Officers can have reasonable, but mistaken, beliefs as to the facts establishing the existence of exigent circumstances.

*Saucier v. Katz*, 533 U.S. 194, 206 (2001).

GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 27

To assess the gravity of a particular intrusion on 4th Amendment Rights, the fact finder must evaluate the type and amount of force inflicted. In weighing the governmental interest involved the following should be taken into account: (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety for the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight.

The most important single element of the three specified factors is whether the suspect poses an immediate threat to the safety of the officers or others.

See Hugh v. Gates, 27 F.3d 1432, 1441 (9th Cir. 1994)

GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 28

The Court charges the jury that a peace officer, such as Walter Lacey, may use such force or means as may be required under the circumstances to effectuate an arrest or in the defense of himself or others.

See *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed 2d 443 (1989).

GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 29

(a)  A peace officer is justified in using that degree of physical force which he reasonably believes to be necessary, upon a person in order:

(2)  to defend himself or a third person from what he reasonably believes to be the use or imminent use of physical force while making or attempting to make an arrest for a misdemeanor, violation or violation of a criminal ordinance, or while preventing or attempting to prevent an escape from custody of a person who has been legally arrested for a misdemeanor, violation or violation of a criminal ordinance.

§ 13A-3-27(a) of the *Code of Alabama*, (1975, as amended).

GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 30


A person is justified in using physical force upon another person in order to defend himself or a third person from what he reasonably believes to be the use or imminent use of unlawful physical force by that other person, and he may use a degree of force which he reasonably believes to be necessary for the purpose.


§13A-3-23(a) of the Code of Alabama, (1975, as amended).


GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 31


It is not necessary that the danger which gave rise to the belief actually existed; it is sufficient that the person resorting to self-defense at the time involved reasonably believed in the existence of such a danger, and such reasonable belief is sufficient, "even where it is mistaken."


*Davis v. Freels*, 583 F.2d 337, 341 (7th Cir. 1978).


GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 32


The reasonableness of defendants' actions depends both on whether the officers were in danger at the precise moment that they used force and whether defendants' own reckless or deliberate conduct during the seizure unreasonably created the need to use such force.


Gilmere v. City of Atlanta, 774 F.2d 1495 (11th Cir. 1985) (en banc), cert denied 475 U.S. 1115 (1986).


GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 33

Whether an officer's use of force is objectively reasonable requires a consideration of many factors, such as: (1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted, and (4) whether the force was applied in good faith or maliciously and sadistically.

*Moore v. Gwinnette County*, 967 F.2d 1495, 1498 (11th Cir. 1992) (quoting *Leslie v. Ingram*, 786 F.2d 1533, 1536 (11th Cir. 1986).

GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 34

The Court charges the jury that a law enforcement officer, to effect arrest, may use such force or means as may be required under the circumstances to overcome resistance.

See *Union Indemnity Company v. Webster*, 218 Ala. 468, 118 So. 794.

GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 35

Qualified immunity is an affirmative defense to a Section 1983 action against a government official sued in his individual capacity. If Walter Lacey is entitled to qualified immunity, the Plaintiffs Section 1983 claim must fail. See Wilson v. Strong, 156 F.3d 1131, 1135 (11th Cir. 1998); see also Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1184 n.16 (11th Cir. 1994).

"The purpose of this immunity is to allow government officials to carry out their discretionary duties without fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotation marks are citations omitted). If Walter Lacey was "acting within the scope of his discretionary authority when the allegedly wrongful actions occurred" and that he did not have fair notice that his alleged conduct at the Booker T. Washington High School would violate clearly established constitutional rights, then he is entitled to qualified immunity. See Darlrymple v. Reno, 334 F.3d 991,994 (lIth Cir. 2003); see also Vinyard v. Wilson, 311 F.3d 1340, 1346 (lIth Cir. 2002).

GIVEN _____

REFUSED _____

_____
JUDGE

DEFENDANT'S REQUESTED CHARGE NO. 36


I charge you that if you cannot determine whether the Plaintiffs' claims and allegations against Walter Lacey have been proven or not proven, you must return a verdict for Walter Lacey. *See Juneau Square Corp. v. First Wisconsin Natl. Bank of Milwaukee*, 475 F. Supp. 451 (E.D. Wis. 1979).


GIVEN _____

REFUSED _____

_____
JUDGE