## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| R.A. JR. (a minor child, by and through his Father and next friend, Richard Lemmel Arnold), | ) ) ) | |
| | ) | |
|      Plaintiff, | ) | |
| v. | ) | Case No.: CV-3:06-cv-337-WHA |
| | ) | |
| DEPUTY SHERIFF WALTER LACEY, In his official and individual capacity, | ) ) | |
| | ) | |
|      Defendant. | ) | |

## PLAINITIFF'S PRETRIAL BRIEF

<u>Causes of Action</u>

This case will be tried under 42 U.S.C.A. § 1983 arising out of excessive force used against the plaintiff during his seizure by Deputy Walter Lacey. The Plaintiff R.A. Jr. was struck approximately four times by Deputy Lacey with an ASB baton. The use of the baton on a 12 year old child who did not commit a crime in Deputy Lacey's presence, was not resisting arrest, was not threatening other persons and was not attempting to flee was excessive.

**Statement of Facts and Application of Law**

The plaintiff will prove that Deputy Walter Lacey was working in his capacity as a law enforcement officer at the Booker T. Washington football game on the night of October 7, 2005.

Defendant Lacey struck R.A. Jr. with an ASP baton, and threw him to the ground thereby seizing him within the meaning of the Fourth Amendment. "A seizure occurs when an officer restrains the freedom of a person to walk away. <u>Evans v. Hightower</u>, 117 F. 3d 1318, 1320 (11th Cir 1997). To determine whether "unreasonable or unnecessary force" was used against the Plaintiff the judge (considering a motion for judgment as a matter of law, and the jury will consider these three factors: 1. the

need for the application of force; 2. the relationship between the need and the amount of force used; and 3. the extent of the injury inflicted. <u>Draper v. Reynolds</u>, 369 F.3d 1270, 1277-78 (11th Cir. 2004).

  1.  The plaintiff will prove that there was no need for Deputy Lacey to use force upon R.A. Jr. Plaintiff will testify that he had left the area where Deputy Whitlow had broken up the fight and was walking across the street when he was grabbed from behind and struck by Lacey. This testimony will be corroborated by two eyewitnesses.

  R.A. Jr. had committed no crime but was later charged with the offense of disorderly conduct which is a Class C Misdemeanor. Even if RA Jr. had committed "disorderly conduct" in Lacey's presence it would not have warranted the use of an ASP baton.  Baltimore v. City of Albany, 2006 WL 1582044 (11th Cir. 2006). The plaintiff will testify that the boy with the gun had on an orange shirt and that he had on a black shirt. That Deputy Whitlow did confiscate a gun from the boy in the orange shirt. Plaintiff will testify, and other witnesses will corroborate, that he did not threaten Deputy Lacey, try to resist or run away from him.

  Plaintiff will elicit testimony from the officers that none of them used force on either of the suspects who were arrested and that none of them felt compelled to use any type of force during the incident which lasted only a few minutes; thus, showing that a reasonable officer in the exact same circumstance would not have used force.

  2. There is no relationship between the need and the amount of force used. Plaintiff and other witnesses will testify that the fight was over, that the fight had lasted only a few minutes, and that deputy Whitlow had detained the boy who was later found to have a gun. Plaintiff was not suspected of having committed a serious crime and did not pose an immediate threat to anyone. Deputy Lacey did not attempt to arrest the Plaintiff or detain him. Deputy Lacey was not justified under the circumstances to use any force and a reasonable officer would have recognized that the use of a baton was excessive under the circumstances. Thornton v. City of Macon, 132 F. 3d  1395 (11th Cir. 1998).

3.      The extent of the injury inflicted by Deputy Lacey will be proven by the plaintiffs own testimony and that of his mother and father. Plaintiff's mother will testify that she attempted to treat him at home the Saturday and Sunday following the incident, but that the swelling in RA Jr. thigh and continued to persist. They will testify that he was bruised on his thigh, shoulder and hip and will introduce photographs of these injuries.

On the following Monday after the incident R.A. Jr.'s mother will testify that she took him to the emergency room and that he was diagnosed with multiple bruises, thigh hemotoma, soft tissue swelling tenderness in the shoulder area.  Because the injury continued to remain swollen Mrs. Arnold took RA Jr. to his pediatrician two days later. He was again diagnosed with a contusion on the thigh given crutches. Plaintiff will introduce these medical records of his injuries.

**DAMAGES**

In this case the jury will first need to determine whether force was used by Deputy Lacey and if so whether that force was reasonable under the circumstances. The first element of damage in this case is the violation of the constitutional right to be free from unlawful seizures and to be free from the use of excessive force during an arrest. Plaintiffs in Section 1983 cases are entitled to seek substantial compensatory damages for loss of substantive constitutional rights, such as an illegal entry into their home, without any proof of actual injury but may not ask for large damages on the grounds that the right was "important." Memphis Community School District v. Stachura, 477 U.S. 299 (1986).  In Stachura the Court stated:

We have repeatedly noted that 42 U.S.C. § 1983 FN8 creates " 'a species of tort liability' in favor of persons who are deprived of 'rights, privileges, or immunities secured' to them *306 by the Constitution." Carey v. Piphus, 435 U.S. 247, 253, 98 S.Ct. 1042, 1047, 55 L.Ed.2d 252 (1978), quoting Imbler v. Pachtman, 424 U.S. 409, 417, 96 S.Ct. 984, 988, 47 L.Ed.2d 128 (1976). See also Smith v. Wade, 461 U.S. 30, 34, 103 S.Ct. 1625, 1628, 75 L.Ed.2d 632 (1983); Newport v. Fact Concerts, Inc., 453

U.S. 247, 258-259, 101 S.Ct. 2748, 2755-2756, 69 L.Ed.2d 616 (1981). Accordingly, when § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts. See Smith v. Wade, supra, 461 U.S., at 34, 103 S.Ct., at 1628; Carey v. Piphus, supra, 435 U.S., at 257-258, 98 S.Ct., at 1048-1049; cf. Monroe v. Pape, 365 U.S. 167, 196, and n. 5, 81 S.Ct. 473, 488, and n. 5, 5 L.Ed.2d 492 (1961) (Harlan, J., concurring).

In this case the common law "species of tort" is an assault and battery. The three types of damages available for assault and battery in Alabama are nominal, actual or compensatory and punitive. "After proof of assault is made the jury may award nominal or compensatory damages for the injury. Damages may flow from hurt to ones feelings, or for mental suffering and fright from the assault. Physical pain, mental suffering, or mental anguish, or all three may be inferred by the jury to exist to some extent from proof of fright resulting from an assault." Harrison v. Mitchell, 391 So. 2d 1038 (Ala. Civ. App. 1990) §28.5 Alabama Tort Law 3rd Edition 2000.

Compensatory damages may be recovered for an intentional tort even where no actual harm has occurred. Generally, where there is an unjustified, intentional invasion of a person's bodily or psychic integrity, whether or not the offensive conduct resulted in bodily injury, a damage award is appropriate. The plaintiff may be entitled to a compensatory damage award for any proven humiliation, embarrassment, or indignity that resulted from the defendant's conduct. A monetary loss is not necessary to recover compensatory damages.  4 ATLA's Litigating Tort Cases § 50:13.

In this case the Plaintiff will show pictures of the injuries he received at the hand of Deputy Lacey. These physical injuries were treated at the emergency room and follow-up treatment was given by Dr. Molley Walker R.A. Jr.'s pediatrician. In reviewing actions committed by adults against juveniles the 11th Cir. has stated:

"Because we are assessing the injuries of a juvenile suffered at the hands of an adult jailor, we will not dismiss Ogletree's injuries as negligible solely because by fortuitous circumstance Ogletree did not suffer broken bones and permanent disfigurement." See also (that compensable unprovoked attack was not crippling was merely fortuitous). H.C. by Hewett v. Jarrard, 786 F.2d 1080 (11th Cir. Fla.1986). Likewise, in the present case the injury inflicted on R.A. Jr. should not be diminished because they did not turn out to be life threatening.

**PUNITIVE DAMAGES**

In Alabama punitive damages are available for assault and battery claims if the plaintiff shows that he at least suffered nominal damages and where there is proof that the assault and battery was committed wrongfully and was accompanied by insult or other circumstances of aggravation. Peete v. Blackwell, 504 So. 2d 222, 223 (Ala. 1986).

Punitive damages are also available in §1983 actions where they are supported by proof of a constitutional violation and by an award of nominal damages.

"No matter how egregious the conduct," Wright v. Sheppard, 919 F.2d 665, 671 (11th Cir.1990), whether to award punitive damages is left to the factfinder. As to assessing the amount of punitive damages, a jury is accorded broad discretion. See, e.g., City of Newport, 453 U.S. at 270, 101 S.Ct. at 2761; Electrical Workers v. Foust, 442 U.S. 42, 50-51, 99 S.Ct. 2121, 2126-27, 60 L.Ed.2d 698 (1979). What must be noted as to this latter point is that the jury's discretion is only as to the amount; when a jury finds that no constitutional violation has occurred, it may not reward a plaintiff with punitive damages.

This distinction must be made in light of Eleventh Circuit precedent allowing for the award of punitive damages in a 1983 action "even without actual loss." See Davis v. Locke, 936 F.2d 1208, 1214 (11th Cir.1991) (citing Wilson v. Taylor, 658 F.2d 1021, 1033 (5th Cir.Unit B 1981)); Glover v. Alabama Dept. of Corrections, 734 F.2d 691, 694 (11th Cir.1984), cert. granted and vacated, 474 U.S. 806, 106 S.Ct. 40, 88 L.Ed.2d 33 (1985), on remand, 776 F.2d 964 (11th Cir.1985) (affirming jury award of

$25,000 punitive damages award in section 1983 case even though only $1 in nominal damages awarded). Although the proposition for which these cases stand sounds extraordinary, it is clear, upon closer inspection, that they are easily distinguishable from cases such as that of the instant Plaintiff. In Davis, the jury found that defendants "violated Davis's constitutional rights by causing him to fall from the back of the truck." 936 F.2d at 1211 (emphasis supplied). That the jury found that the plaintiff suffered no compensable damages did not bar a proper imposition of $1,750 in punitive damages, the evidence there supporting a conclusion that the defendants "acted with reckless or callous indifference to Davis' constitutional rights." Peden v. Suwannee County School Bd., 837 F.Supp. 1188 (M.D.Fla.,1993).

**NOMINAL DAMAGES**

The award of nominal damages is made as a judicial declaration that the plaintiff's right has been violated." In civil rights cases, compensatory damages awarded solely for the deprivation of a person's constitutional rights, based on the value the jury placed upon those rights, are not allowed; therefore, nominal damages may be the only ones available. The United States Supreme Court, in Memphis Community School District v. Stachura, held that "damages based on the abstract value or importance of constitutional rights are not a permissible element of compensatory damages." § 50:13. ATLA-TORT § 50:13  Analyzing damages in intentional tort cases--Compensatory *citing* Memphis Community School Dist. v. Stachura, 477 U.S. 299, 310, 106 S. Ct. 2537, 2545, 91 L. Ed. 2d 249, 32 Ed. Law Rep. 1185 (1986).

**VERDICT FORMS**

Pursuant to the courts suggestion at the pretrial hearing, plaintiff now addresses the issue of interrogatories to the jury. The issues in controversy in this case do not require special instruction. The 11th Circuit pattern jury instruction is sufficient to guide the jury to determine the material issues in this case. As revealed in the summary judgment motions, there are two opposing versions of the facts in this case. The determination of these facts will become a question of credibility. The jury will simply believe one side or the other. Interrogatories requesting that particular facts be decided would only confuse the issues in the case, increase the likelihood of a conflicting verdict, and could ultimately prejudice either party.

RESPECTFULLY SUBMITTED, this the 23rd day of April, 2007

**s/Arlene M. Richardson**
Bar Number ASB 9452-I60A
Attorney for the Plaintiff
**Richardson Legal Center, L.L.C**.
P.O. Box 971
Hayneville, Alabama 36040
Telephone: (334) 548-5660
Fax: (561) 228-1085
E-mail: arlawyer@htcnet.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of April 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL 36102-2148

and I certify that I have hereby mailed by U.S. Postal Service the document to the following non CM/ECF participants:   NONE

**s/Arlene M. Richardson**
Bar Number ASB 9452-I60A
Attorney for the Plaintiff
**Richardson Legal Center, L.L.C**.
P.O. Box 971
Hayneville, Alabama 36040
Telephone: (334) 548-5660
Fax: (561) 228-1085
E-mail: arlawyer@htcnet.net