IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| R.A. JR. a minor child, by and through his Father and next friend, Richard Lemmel Arnold, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) Case No.: CV-3:06-cv-337-WHA |
| DEPUTY SHERIFF WALTER LACEY, | ) ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANT'S EXHIBIT LIST**

**COMES NOW** the Defendant, Walter Lacey, and in response to the Plaintiff's Objections to Defendant's Exhibit List (Doc. # 47) says as follows:

**Defendant's Exhibit No. 1:**     Photograph of .38 Caliber Revolver.

When the Defendant Walter Lacey, was served with the Summons and Complaint in this case he was no longer working for the Macon County Sheriff. The Defendant was neither in possession nor control of the revolver found on the person of Q.J. at the subject incident. If the plaintiffs' attorney had advised the undersigned that she wanted to see the revolver, the Defendant's attorney would have gladly worked with the Plaintiffs' attorney to make the subject revolver available for inspection. The undersigned attorney first saw and photographed the subject revolver on April 9, 2007. In accordance with the Report of Parties Planning Meeting, within seven (7) days from the time the photograph of the revolver was printed, the Plaintiff's attorney was provided with the photograph of the subject revolver.

Although the Plaintiffs contend the photograph is prejudicial, the probative value of the revolver outweighs any prejudice to the Plaintiffs. The Plaintiffs attorney can cross examine the witnesses as to whether the revolver were found on the plaintiff's person or on Q.J.

The revolver corroborates the fact that there was a weapon at the time of the subject incident. As most of the jury undoubtedly learns from the media, law enforcement is often accused of fabricating the presence of a weapon at an incident of alleged police misconduct. The Defendant is offering the photograph rather than the actual revolver for convenience and security. If the court were to deny the use of the photograph of the revolver, the Defendant would be prejudiced.

The Plaintiffs contend that the probative value of the photograph of the revolver is prejudicial because "it would suggest to the jury that the officers at the scene were aware of the actual existence of a gun." The Plaintiff implies that there was no gun. The Defendant is willing to produce the actual revolver found on Q.J.; however, by offering a photograph in lieu of the weapon, the defense is attempting to avoid causing "alarm" to the jury.

The Plaintiff's witness, Raymond Swanson, testified on March 13, 2007 in his deposition as follows:

p. 66, ll. 1-5

> Q. What kind of gun was it?
>
> A. I ain't no expert on no gun. I'm not no expert, so I know it was chrome. ***It could have been real, it could have been fake, but he pulled a gun.***

p. 67, l. 14-p. 68, l. 5

    A.   Showing us.  He did it quick and we seen it. It was like it was a revolver, but I don't know what size or what kind.  And he let it down. Then when Ronald got in his face and he asked Ronald "Was you crazy?"  Ronald said "Yeah."

    Q.   Ronald Ligon said he was crazy?

    A.   Quardarius asked Ronald was he crazy.  And Ronald said, "Yeah, I'm crazy."

    Q.   Ronald said "I'm crazy"?

    A.   Yeah.  It was just an expression talking junk back.

    Q.   Okay.  They were talking junk back and forth?

    A.   Yeah.  Ronald was in his face.  And then when Quardarius seen me run to the Sheriff's car, ***I guess he threw the gun behind the trash cans.***

p. 69, ll. 6-16

    A.   And when I ran, I ran and told him, they started walking, they got a little closer then. I told them the boy with -- I said, "The boy has got a gun."  He said "Who?"  I said, "The boy with the orange shirt."  He said "Which

one?" I said, "That one right there, the

little short one." And by the time I said

that, I guess Quardarius seen me run to the car

telling him he's got a gun, *I guess Quardarius*

*threw the gun down, and that was when him and*

*Ronald got to fighting.*

(Copies of these pages are attached hereto as Exhibit "1").

The question of whether a <u>real</u> gun was exhibited by Q.J. prior to the incident is an issue in this case and the photograph taken of the revolver is a safe method of demonstrating to the jury that a gun was actually in existence and available for use by Q.J. The totality of the circumstances is critical to the issues in this case. The severity of the incident and the actual existence of a real gun in the possession of Q.J. is crucial to the defense of this claim against the Defendant.

**Defendant's Exhibit No. 3:**     **Statement from Plaintiff to ABI Investigator Wright.**

The Statement signed by Richard Arnold and written by ABI Investigator Wright is not hearsay. The Plaintiff testified in his deposition that his Statement to the ABI Investigator is not an accurate representation. Rule 801(d)(1) provides that a prior statement is not hearsay, if it is inconsistent with the declarant's testimony given in a deposition. The Plaintiff, during his deposition, circled those portions of his three (3) page Statement which were inconsistent with what he claims to have told Investigator Wright. His Statement with the alleged inconsistencies was identified during the Plaintiff's deposition as Exhibits 20, 21, and 22 to his deposition, copies of which are attached.

**Defendant's Exhibit No. 4:**   Final Summary Report by Alabama Bureau of Investigation.

The Final Summary Report prepared by ABI Investigator Wright is a public record. Rule 803(8)(C) of the Federal Rule of Evidence provides a hearsay exception in civil cases for public records setting forth "factual findings" resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate a lack of trustworthiness.

The investigation need not be mandated by law, but only authorized. *Perrin v. Anderson*, 784 F.2d 1040, 1046 (10th Cir. 1986). The United States Supreme Court in *Beach Aircraft Corp. v. Rainey*, 488 U.S. 153, 170 (1988) unanimously ruled that investigatory reports that are otherwise admissible under Rule 803(8)(C) are not rendered inadmissible merely because they state a conclusion or opinion; "[a]s long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report."

Rule 803(8)(C) requires that (1) the report contain "factual findings", (2) resulting from an "investigation made pursuant to authority granted by law", and (3) is sufficiently trustworthy to justify its admission into evidence. The Report prepared by Investigator Wright was filed timely and Investigator Wright will testify as to his skill and experience as an Investigator and lack of bias in the preparation of his report. The Final Summary Report has not been shown to be untrustworthy by the Plaintiff.

**Defendant's Exhibit No. 5:**   **Letter from District Attorney's Office to Sheriff Warren.**

The Defendant withdraws Defendant's Exhibit 5.

**Defendant's Exhibit No. 9:**   **Plaintiff's school records (Grade Report and Disciplinary Report)**

It is unknown at this time whether the character of the Plaintiff, R.A., Jr., will become an issue in this case. As with the school witnesses, whom the Plaintiffs have objected to as well, the Defendant respectfully request the Court to withhold ruling at this time on the admissibility of the school records of R.A., Jr.

                                                s/ C. Winston Sheehan, Jr.
                                                C. WINSTON SHEEHAN, JR.
                                                Attorney for the Defendant, Walter Lacey

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:      (334) 387-3222

CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2007, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

Hon. Arlene M. Richardson
Richardson Legal Center, LLC
Post Office Box 971
Hayneville, AL 36040-0971

                                                /s/ C. Winston Sheehan, Jr.
                                                OF COUNSEL