IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| R.A.Jr., (a minor child, by and through his Father and next best friend, Richard Lemmel Arnold, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 3:06-CV-337-WHA ) |
| DEPUTY SHERIFF WALTER LACEY, in his official and individual capacity  Defendant. | ) ) ) ) |

### PLAINTIFFS' JURY INSTRUCTION NUMBER 1

### Pattern Civ. Jury Instr. 11th Cir. FI 2.2 (2005)

In this case the Plaintiff claims that the Defendant, while acting "under color" of state law, intentionally deprived the him of the his rights under the Constitution of the United States.

Specifically, R.A. Jr. claims that while the Deputy Lacey was acting under color of state law as a member of the Sheriff's Department of Macon County he intentionally violated the R. A. Jr.s constitutional right to be free from the use of excessive or unreasonable force during a seizure.

Under the Fourth Amendment to the Constitution of the United States, every citizen has the right not to be subjected to excessive or unreasonable force while being seized by a law enforcement officer, even though the seizure is otherwise made in accordance with the law.

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States.

1

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

| | |
|---|---|
| First : | That the Defendants intentionally committed acts that violated the Plaintiff's federal constitutional right not to be seized without probable cause and not to be subjected to excessive or unreasonable force during a seizure; |
| Second : | That in so doing the Defendants acted "under color" of state law; and |
| Third : | That the Defendants' acts were the proximate or legal cause of damages sustained by the Plaintiff. |

A Deputy Sheriff[1] acts "under color" of state law not only when the deputy acts within the limits of lawful authority, but also when the deputy acts without or beyond the bounds of lawful authority. In order for unlawful acts of a deputy to be done "under color" of state law, however, the unlawful acts must be done while the official is purporting or pretending to act in the performance of official duty; that is, the unlawful acts must be an abuse or misuse of power which is possessed by the deputy only because of the position held by the deputy.

[2]

The Plaintiff's claim is that excessive force was used by the Deputy []³ during the seizure. In that regard, as previously mentioned, every person has the constitutional right not to be subjected to excessive or unreasonable force while being arrested [or seized] by a law enforcement officer,

---
[1] "Deputy Sheriff and deputy" have been substituted for "state official and official."
[2] The "first aspect" probable cause has been deleted. The "second aspect" unreasonable search has been deleted.
[3] "in affecting the arrest" has been deleted.

even though such arrest [or seizure] is otherwise made in accordance with the law. On the other hand, in making a lawful arrest, an officer has the right to use such force as is reasonably necessary under the circumstances to complete the arrest. Whether a specific use of force is excessive or unreasonable turns on factors such as the severity of the crime, whether the suspect poses an immediate violent threat to others, and whether the suspect is resisting or fleeing. You must decide whether the force used in making an arrest was excessive or unreasonable on the basis of that degree of force that a reasonable and prudent law enforcement officer would have applied in making the arrest under the same circumstances disclosed in this case.

If you should find for the Plaintiff and against the Defendant, you must then decide the issue of the Plaintiff's damages. For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, such damages would not have occurred.

In considering the issue of the Plaintiff's damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they also cover both the mental and physical aspects of injury—tangible and intangible. Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) The reasonable value of any property lost or destroyed during, or as a result of, the Defendant's unconstitutional acts;

(b) The reasonable cost of medical care and hospitalization;

(c) Physical or emotional pain and mental anguish;

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiff's federally protected rights, you would be authorized to assess punitive damages against the Defendant as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages [and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts.

**GIVEN:** _____   **REFUSED:** _____