IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| R.A.Jr., (a minor child, by and through his Father and next best friend, Richard Lemmel Arnold, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 3:06-CV-337-WHA |
| | ) |
| DEPUTY SHERIFF WALTER LACEY, in his official and individual capacity<br>Defendant. | )<br>) |

## PLAINTIFFS FIRST MOTION IN LIMINE

### TO PRECLUDE TESTIMONY OF OR ABOUT THE ABI REPORT AND ITS CONCLUSIONS AND PROHIBIT THE INTRODUCTION OF THE REPORT

**COMES NOW**, the Plaintiffs by and through their counsel of record, and submit this memorandum of authorities in support of their motion in limine to preclude all references at trial to the investigation of the Alabama Bureau of Investigation and the conclusions or findings contained in the report of Investigator Charles Wright that "excessive force was not used."

As an initial matter the introduction of the report itself has been objected to in plaintiffs objections to defendants exhibits. Testimony about the investigation and its conclusions is merely a back door to introducing the same evidence prohibited in the report.

*Federal Rules of Evidence* Rule 602 which provides, "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter.

"A record which contains the hearsay statements of volunteers [be they bystanders or participants under no duty to impart the information] then, does not by operation of the business record statutes become admissible to prove the truth of those statements." Reeves v. King, 534 So. 2d 1109, 1111 (Ala. 1988). The Court in Nettles reversed and remanded that case because the lower Court admitted a State Trooper's investigative report into evidence contrary to the general rule, i.e., "[I]t is a settled rule of

1

jurisprudence that the report of an investigating officer is not admissible on evidence as being hearsay." Nettles v. Bishop, 266 So. 2d 260, 264 (Ala. 1972) (Citations Omitted)

Charles Wright, or any other investigating officer's testimony, that concludes that excessive force was not used is inadmissible to prove that fact.

> [T]his evidence is nothing more than the introduction of the investigative techniques of law enforcement officers. Every defendant has a right to be tried based on the evidence against him or her, not on the techniques utilized by law enforcement officers in investigating criminal activity.
>
> US v Williams, 957 F2d 1238 (5th Cir Tex 1992); US v Hernandez-Cuartas, 717 F2d 552, 555 (11th Cir Fla. 1983).

Furthermore, ABI investigator Charles Wright can not testify to anything more than his investigatory methods and conclusions. The entirety of his investigation was interviews of third persons who were mostly police officers excludable under Rule 803. His conclusions based upon that hearsay are also not admissible. "Legal conclusions are inadmissible because the jury would have no way of knowing whether the preparer of the report was cognizant of the requirements underlying the legal conclusion and, if not, whether the preparer might have a higher or lower standard than the law requires." Hines v. Brandon Steel Decks, Inc. 886 F.2d 299 (11th Cir. Ga. 1989).

In a very similar case a Southern District of New York judge made the following assessment which applies here:

> Shauger's conclusion that "excessive force" was not used against plaintiff is a legal determination inadmissible under the Rule. The question of the use vel non of excessive force calls for a conclusion of law. See, e.g., Mick v. Brewer, 76 F.3d 1127, 1133 (10th Cir.1996) (characterizing determination of use of excessive force as a "purely legal" issue). If the force used against an arrestee or an inmate is excessive as a matter of law, it will constitute a violation of the Fourth or the Eighth Amendment. See, e.g., Graham, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); Hudson v. McMillian, 503 U.S. 1, 4, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (setting forth "the core judicial inquiry" for determining the unconstitutional use vel non of excessive force); Candelaria v. Coughlin, 787 F.Supp. 368, 374 (S.D.N.Y.), aff'd, 979 F.2d 845 (2d Cir.1992).

Miranda-Ortiz v. Deming, Not Reported in F.Supp.2d, 1998 WL 765161 S.D.N.Y.,1998.

For the same reasons discussed above the Defendant and his witnesses including the other officers interviewed by the ABI should not be precluded from testifying that the ABI investigated the incident and

2

found that excessive force was not used. To do so would be prejudicial to the plaintiff and would usurp the function of the jury who is charged with the specific task of determining whether or not excessive force occurred in this case.

**WHEREFORE**, the Plaintiff's request that this Court GRANT their Motion in Limine and enter an Order prohibiting the Defendant and/or his attorney and witnesses at voir dire and trial from asking questions or making references to the ABI Report and its conclusion that "excessive force was not used."

Respectfully submitted this the 30th day of April 2007.

s/Arlene M. Richardson
Bar Number ASB 9452-I60A
Attorney for the Plaintiff
**Richardson Legal Center, L.L.C.**
P.O. Box 971
Hayneville, Alabama 36040
Telephone: (334) 548-5660
Fax: (561) 228-1085
E-mail: arlawyer@htcnet.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of April 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL 36102-2148
wsheehan@ball-ball.com; rsmith@ball-ball.com

and I certify that I have hereby mailed by U.S. Postal Service the document to the following non CM/ECF participants:   NONE

s/Arlene M. Richardson
Bar Number ASB 9452-I60A
Attorney for the Plaintiff
**Richardson Legal Center, L.L.C.**
P.O. Box 971
Hayneville, Alabama 36040
Telephone: (334) 548-5660
Fax: (561) 228-1085
E-mail: arlawyer@htcnet.net
