IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| R.A. JR. (a minor child, by and through his Father and next friend, Richard Lemmel Arnold, <br><br> Plaintiff, <br><br> vs. <br><br> DEPUTY SHERIFF WALTER LACEY, <br><br> Defendant. | ) ) ) ) ) ) ) ) Case No.: CV-3:06-cv-337-WHA ) ) ) ) ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST MOTION IN LIMINE**

**COMES NOW** the Defendant, Deputy Walter Lacey, and in response to Plaintiff's First Motion in Limine says as follows:

1. Based upon the Plaintiff's request to exclude all references to the ABI investigation, the Defendant will first address the Plaintiff's attempt to exclude any reference to the Plaintiffs' statement to Investigator Wright.

The Statement signed by the Plaintiff, Richard Arnold, and written by ABI Investigator Wright in the presence of the Plaintiffs' attorney is not hearsay. FED. R. EVID. Rule 801(d)(2)(A) provides that a prior statement by a party is not hearsay. A party's own statement is a classic example of an admission. A statement need not have been against interest at the time it was made. See *U.S. v. Matlock*, 415 U.S. 164 (1974). Also trustworthiness is not a separate requirement for an admission of a party opponent. A party's admissions are substantive evidence of the facts stated, the credibility of which is to be determined by the trier of fact. See *U.S. v. Pinalto*, 771 F.2d 457 (10th Cir. 1985).

The three (3) page statement provided by the Plaintiffs to ABI Investigator Wright is not

hearsay, and should not be excluded.

    2.    The Final Summary Report prepared by ABI Investigator Wright is a public record. Rule 803(8)(C) of the Federal Rule of Evidence provides a hearsay exception in civil cases for public records setting forth "factual findings" resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate a lack of trustworthiness.

Despite the plaintiff's claims to the contrary, the exhibit in question is admissible. Pursuant to Rule 803 of the Federal Rules of Evidence, the following is an exception to the hearsay rule:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth…(C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

The Eleventh Circuit has specifically noted that: Rule 803(8)(C): "allows into evidence public records that (1) set forth factual findings (2) made pursuant to authority granted by law, (3) that the judge finds trustworthy, unless the evidence is otherwise inadmissible because it is irrelevant or is more prejudicial than probative." Watkins v. Southeastern Papers, Inc., 163 Fed.Appx. 823, 825 (11th Cir.2006). The Court went on to note that "the district court has broad discretion to admit or exclude evidence, and that decision will not be reversed absent a clear showing of abuse of that discretion." Id.

In Watkins v. Southeastern Papers, Inc., the Eleventh Circuit held that the district court did not err in considering a letter from the U.S. Copyright office indicating that an author had not registered his copyright in a book because it was a report from a public office or agency, falling

under the public reports and record exception to the hearsay rule. The court noted that there was nothing to indicate that the document lacked trustworthiness and found that it was relevant and was not more prejudicial than probative. See also Barfield v. Orange County, 911 F.2d 644 (11th Cir.1990)(holding that the trial court did not err in admitting determinations made by the Equal Employment Opportunity Commission (EEOC) pursuant to Rule 803(8)(C)).

Similarly, in the case at bar, the ABI is a public office which investigated the incident made the basis of this lawsuit. There is nothing that would indicate that the document lacks trustworthiness.

For the foregoing reasons, the Defendant respectfully requests this Honorable Court to deny the Plaintiff's First Motion in Limine.


/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR.
Attorney for the Defendant, Walter Lacey


OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:     (334) 387-3222

CERTIFICATE OF SERVICE

       I hereby certify that on May 4, 2007, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

Hon. Arlene M. Richardson
Richardson Legal Center, LLC
Post Office Box 971
Hayneville, AL 36040-0971

                                      /s/ C. Winston Sheehan, Jr.
                                      OF COUNSEL