IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| R.A., JR., etc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 3:06cv337-WHA |
| ) | |
| DEPUTY SHERIFF WALTER LACEY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This case is before the court on Defendant's First Motion in Limine (Doc. #59), filed on April 23, 2007.

As to that aspect of the motion dealing with medical bills, the court agrees that no such bills are admissible without their first having been expert testimony that the bills were both reasonable and necessary. Therefore, it appearing that the Plaintiff will have no testimony to that effect, that aspect of the motion is GRANTED, and it is hereby

ORDERED that Plaintiff is prohibited from making any reference to the amount of medical expenses.

As to that aspect of the motion objecting to the Plaintiff and his parents testifying as to the Plaintiff's medical condition caused by the incident in question, the motion is DENIED to the extent that they may testify as to anything that would be a matter of general knowledge, not requiring expert testimony. The Plaintiff may testify as to pain and suffering, and that the blows caused bruising. The parents may also testify that the Plaintiff showed indications of pain and

suffering, and that bruises developed on the parts of the body where the Plaintiff said he was hit. They also may refer to "broken blood vessels" as long as it is in the context of general knowledge that that is what causes bruising, and not suggesting that this would be something in addition to the bruising.

Finally, the Defendant objects to admission of statements contained in medical records as to causation of the alleged injuries, unless essential to a diagnosis. The medical records submitted to the court include the history given by the family as to causation and symptoms. This is specifically not excluded by the hearsay rule pursuant to § 803.1(4), "insofar as reasonably pertinent to diagnosis or treatment." It is undisputed that the Defendant hit the Plaintiff with a baton, the only disagreement being as to the circumstances under which it happened. These statements in the history do not relate to fault, as was present in the case cited by the Defendant, *Cook v. Hoppin*, 783 F.2d 684, 690 (7th Cir. 1986). They are more analogous to the example contained in the Advisory Committee's Note explaining, "Statements as to fault would not ordinarily qualify under the latter language. Thus, a patient's statement that he was struck by an automobile would qualify but not his statement that the car was driven through a red light." These statements as to what caused the complaints that brought the Plaintiff to the doctor are the kind of statements ordinarily relied on for diagnosis and treatment. Therefore, they are not excluded as hearsay. Section 803.1(4) would also except statements made by the doctor for purposes of medical diagnosis and treatment and describing the medical history and the doctor's diagnosis and treatment based on that history. So, to that extent the Defendant's First Motion in Limine is DENIED.

DONE this 21st day of May, 2007.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE