IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| R.A., JR., etc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 3:06cv337-WHA |
| ) | |
| DEPUTY SHERIFF WALTER LACEY, ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER</u>**

This case is before the court on Defendant's Second Motion in Limine (Doc. #60), filed on April 23, 2007, in which the Defendant objects to any testimony concerning attorney's fees incurred in the Plaintiff's successful defense of the charge against him in the Macon County Juvenile Court proceeding.

The Plaintiff contends that this expense is recoverable, not under § 1988, but as compensatory damages. The cases cited by the Plaintiff as supporting this contention, however, are inapposite, in that they both involved compensatory damages arising from claims of unlawful arrest. In this case, the only remaining claim surviving summary judgment is the § 1983 excessive force claim. Recoverable compensatory damages in this case must have been proximately caused by the wrong complained of, that is, they must be proximately caused by injuries resulting from the Defendant's use of excessive force. There is no causal connection between the Defendant's alleged use of excessive force causing injury to the Plaintiff and subsequent attorney's fees in defense of the case in municipal court. Plaintiff's malicious prosecution claim was disposed of at the summary judgment stage. Therefore, it is hereby

ORDERED that Defendant's Second Motion in Limine is SUSTAINED, and the Plaintiff is prohibited from mentioning or introducing proof of attorney's fees incurred in the defense of the prosecution in the Macon County Municipal Court.

DONE this 21st day of May, 2007.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE