*May 23, 2007*
*11:33 a.m.*
*cb*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

R.A. JR. (a minor child, by and through his Father and next friend, Richard Lemmel Arnold,     )
)
)
)
        **Plaintiffs,**     )
)
vs.     )     **Case No.: CV-3:06-cv-337-WHA**
)
**DEPUTY SHERIFF WALTER LACEY,**     )
)
        **Defendant.**     )

## MOTION FOR JUDGMENT AS A MATTER OF LAW
## AT THE CONCLUSION OF ALL EVIDENCE

COMES NOW the Defendant, and at the conclusion of all of the evidence in this matter, and moves this Court to enter an Order, pursuant to Rule 50 of the Federal Rules of Civil Procedure, directing a judgment as a matter of law in favor of the Defendant as to each claim recited against him in the Complaint, separately and severally, on the following grounds:

1.     There is insufficient evidence to warrant the imposition of a jury verdict in favor of the Plaintiffs.

2.     The Plaintiffs have failed to prove the deprivation of a federal constitutional right and/or that the Defendant violated the Plaintiffs' civil rights.

3.     Defendant Walter Lacey is entitled to qualified immunity on Plaintiffs' claim.

4.     The Plaintiffs have failed to prove by sufficient evidence that Walter Lacey used excessive force against R.A., Jr.

5.     The Plaintiffs have failed to prove that R.A., Jr. was injured as a consequence of the Defendant's actions.

*Denied —*
*W. Harold Albritton*

6.     Plaintiffs have failed to establish that Defendant Walter Lacey is legally responsible for the Plaintiffs' alleged injuries.

7.     The Plaintiffs have failed to establish that R.A., Jr.'s alleged injuries were reasonably foreseeable consequences of the Defendant's acts.

8.     The Plaintiffs have failed to prove that the Defendant acted under color of state law.

9.     The Plaintiffs have failed to prove by sufficient evidence that the use of force by the Defendant in overcoming R.A., Jr.'s resistance was excessive.

10.     The Defendant's conduct was lawful and not clearly established at the time to be unlawful conduct.

11.     The law was not developed in such a concrete and factually defined context to make it obvious in Defendant's place that what he was doing violated the law.

12.     Evidence and testimony presented with regard to damages suffered by R.A., Jr. is speculative and conjectural at best, and will not support a verdict for the Plaintiffs based in whole or in part on such testimony.

13.     The Plaintiffs have failed to establish that any medical expenses incurred were reasonable and/or is therefore not entitled to recover for any medical expenses.

14.     The application of de minimus force, without more, will not support a claim of 4th Amendment violation. *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000).

15.     Defendant avers that any award of punitive damages to the Plaintiffs in this case would be violative of the constitutional safeguards provided to defendant under the Constitution of the United States and the State of Alabama.

16.    Defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiffs.

17.    The use of force against R.A., Jr. was de minimus.

18.    The Defendant's conduct was objectively reasonable, and the Plaintiffs have failed to create a genuine issue that the Defendant's conduct was to the contrary.

19.    Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

20.    Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

21.    Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant are entitled to the same procedural safeguards accorded to criminal Defendant.

22.    It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose documents and evidence.

23.    It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose documents and evidence.

24.    Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which hereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

c)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

e)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

f)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

25.    Plaintiffs' claim of punitive damages violates the Due Process Clause of Article I,

Section 6, of the Constitution of Alabama, on the following grounds:

a)    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the Plaintiffs' satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant;

c)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

e)    The award of punitive damages in this case would constitute a deprivation of property without due process of law; and

f)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant.

26.    Plaintiffs' attempt to impose punitive or extracontractual damages on this Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

27.    The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

28.    The award of punitive damages against this Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

29.     The Complaint fails to state a claim for punitive damages under <u>Alabama Code</u> §§ 6-11-20 to 6-11-30 (1975) and is barred.

30.     This Defendant aver that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at ALA.CODE §6-11-21 (Repl. Vol. 1993).

31.     The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

32.     Under the constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. See: <u>Honda Motor Company, Ltd. v. Oberg</u>, 114 S.Ct. 2331, 129 L.Ed. 2d 336 (1996).

33.     With respect to the Plaintiffs' demands herein for punitive damages, The Defendant specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards as articulated in <u>BMW of North America v. Gore</u>, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

34.     The Defendant asserts absolute immunity pursuant to Article I, § 14 of the Alabama Constitution.

35.     Plaintiffs' claim for punitive damages is limited to the amount recoverable as set forth in §6-11-21, <u>Ala. Code</u>, 1975. This defense is intended to challenge the ruling stated in <u>Henderson v. Alabama Power Co.</u>, 627 So.2d 878 (Ala. 1983).

36.     The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiffs violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States because there are no fixed standards for the ascertainment of

compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because: (a) it fails to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States, (b) it fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution, (c) it results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and, (d) it constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

37.    The award of discretionary compensatory damages for mental suffering to the Plaintiffs violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against this Defendant, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages, and, it constitutes a deprivation of property without the due process of the law.

_____
C. WINSTON SHEEHAN, JR.
Attorney for the Defendant, Walter Lacey

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone: (334) 387-7680
Fax:    (334) 387-3222

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on the following counsel of record:

Hon. Arlene M. Richardson
Richardson Legal Center, LLC
Post Office Box 971
Hayneville, AL 36040-0971

by hand delivery on this the ___ 24TH ___ day of May, 2007.

_____
OF COUNSEL