IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

R.A., Jr., (a minor child, by and through )
his Father and next best friend, Richard )
Lemmel Arnold), )
)
                Plaintiff, )
)
v. )    Civil Action No. 3:06-CV-337-WHA
)
DEPUTY SHERIFF WALTER LACEY, )
)
                Defendant. )

## THE COURT'S INSTRUCTIONS TO THE JURY

### I. INTRODUCTION

MEMBERS OF THE JURY:

Now that you have heard all of the evidence and argument on behalf of the parties, it becomes my duty to give you the instructions of the court concerning the law applicable to this case. It is your duty to follow the law whether or not you agree with it. It is then your duty to determine the facts, and to apply the law to those facts.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. All the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict according to the evidence and the law.

This was the oath you took and the promise you gave when selected as jurors. When you

are true to this oath, you move us closer to our ideal of equal justice under law -- closer to our aim to make the courthouse a temple of justice.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence which has been admitted in the case. The term "evidence" includes the sworn testimony of the witnesses, stipulations of the parties, and the exhibits admitted in the record. As you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that any statements, objections or arguments made by the lawyers or by any party while not under oath are not evidence in the case. It is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must

<u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any reason not to tell the truth? Did the witness have any personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or evidence? You may accept or reject the testimony of any witness in whole or in part.

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A witness may be discredited or impeached by evidence that the character of the witness for truthfulness is bad. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

In a civil action such as this, the plaintiff has the burden of proving every essential element of his claim by a preponderance of the evidence. This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

Up until this point, I have been stating general principles of law which apply to any civil jury trial. I will now instruct you on the law which is particularly applicable to this case.

## II. THE PLAINTIFF'S CLAIM

In this case the Plaintiff, R.A., Jr. claims that the Defendant, Deputy Sheriff Walter Lacey, while acting "under color" of state law, intentionally deprived him of his rights under the Constitution of the United States. Specifically, the Plaintiff claims that while the Defendant was acting under color of state law, as a member of the Sheriff's Department of Macon County, the Defendant intentionally violated the Plaintiff's constitutional right to be free from the use of excessive or unreasonable force during a seizure. Under the Fourth Amendment to the

Constitution of the United States, every citizen has the right not to be subjected to excessive or unreasonable force while being seized by a law enforcement officer, even though the seizure is otherwise made in accordance with the law.

The law further provides that a person may sue in this court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:    That the Defendant intentionally committed acts that violated the Plaintiff's federal constitutional right not to be subjected to excessive or unreasonable force during a seizure;

<u>Second</u>:    That in so doing, Defendant acted "under color" of state law;

<u>Third</u>:    That the Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff.

In the verdict form that I will explain in a moment, you will be asked to answer questions concerning the first and third of these factual issues.

It is agreed by the parties in this case that at the time in question Deputy Sheriff Lacey was acting "under color" of state law. Therefore, it will not be necessary for you to make a finding as to that element.

The Plaintiff claims that excessive force was used by the Defendant in effectuating the Plaintiff's seizure. It is agreed by the parties that the circumstances involved in this case constituted what the law considers to be a "seizure." In that regard, as previously mentioned,

5

every person has the constitutional right not to be subjected to excessive or unreasonable force while being arrested or seized by a law enforcement officer, even though such arrest or seizure is otherwise made in accordance with the law. On the other hand, in making a lawful arrest or seizure, an officer has a right to use such force as is reasonably necessary under the circumstances to complete the arrest or seizure. Whether a specific use of force is excessive or unreasonable turns on factors such as the severity of the crime, whether the suspect poses an immediate violent threat to others, and whether the suspect is resisting or fleeing. You must decide whether the force used in seizing the Plaintiff was excessive or unreasonable on the basis of that degree of force that a reasonable and prudent law enforcement officer would have applied in making a seizure under the same circumstances disclosed in this case.

In determining whether the Defendant used excessive force, you may consider:

1. The extent of the injury suffered by the Plaintiff;

2. The need for application of force;

3. The relationship between the need and the amount of force used;

4. The threat reasonably perceived by the responsible officials; and

5. Any efforts made to temper the severity of a forceful response.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer at the scene, rather than with hindsight. A police officer making an arrest or seizure, or in the defense of himself or others, is allowed to use as much force as reasonable and necessary under the circumstances. The nature of the reasonableness must allow for the fact that police officers are often forced to make split-second judgments - under circumstances that are tense, uncertain and rapidly evolving - about the amount of force that is necessary in a particular

situation.

The reasonableness inquiry is an objective one. The question is whether the Defendant's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to underlying intent or motivation.

If you find that the Defendant intentionally committed acts that violated the Plaintiff's federal constitutional right not to be subjected to excessive or unreasonable force during a seizure, you then must decide the issue of the Plaintiff's damages.

### III. <u>DAMAGES</u>

For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, such damages would not have occurred.

In considering the issue of the Plaintiff's damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time and money; they also cover both the mental and physical aspects of the injury - tangible and intangible. Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has been or need be introduced. In that respect it is not value that you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of

damage. There is no exact standard to be applied; any such award should be fair and just in light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) The reasonable cost of medical care; and

(b) Physical and emotional pain or mental anguish.

If you find that the Defendant used excessive force in seizing the Plaintiff, but you also find that Plaintiff suffered no compensable damage, you should award nominal damages of $1.00. A Section 1983 plaintiff proving intentional excessive use of force is entitled to nominal damages even if he fails to present evidence of compensable injury. If, however, you find that the Plaintiff suffered an actual, compensable injury, you should award compensatory damages, rather than nominal damages.

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages against the Defendant as punishment and as a deterrent to others.

An act is maliciously done, if prompted or accompanied by ill-will or such gross indifference to the rights of others as to amount to a willful act done intentionally without just cause or excuse. Further, an act is done with reckless indifference to the Plaintiff's federally

protected rights when that act is intentionally done with the knowledge that it may violate another person's federal rights.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

Of course, the fact that I have instructed you on the proper measure of damages should not be considered as an indication of any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given only for your guidance in the event that you should find in favor of the Plaintiff on the question of liability by a preponderance of the evidence and in accord with other instructions or rules of law that I have given you. You are to take no cue or draw any inference whatsoever from the fact that I instructed you on the law of damages.

## IV. CONCLUSION

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, you must be unanimous. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if you become convinced that it is erroneous. But do not give up your honest conviction as to the weight and effect of evidence, solely because of the opinion of your

fellow jurors, or for the mere purpose of returning a verdict.

Remember, at all times you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your number to act as your foreperson, who will preside over your deliberations and will speak for you here in court.

A verdict form, called Special Interrogatories to the Jury, has been prepared for your convenience.

You will take this verdict form to the jury room, and when you have reached unanimous agreement as to each interrogatory, or question, you are called upon to answer, you will have your foreperson fill in the answer. When you have unanimously agreed on each answer you are called upon to give, you will have your foreperson date and sign the form, and then return to the courtroom.

If, during your deliberations, you should find it necessary to communicate with the court, please put your message or question in writing, signed by the foreperson, and pass the note to the marshal, who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. This will have to be done in the presence of the parties and their attorneys. If you desire to communicate with me, do not indicate the numerical division of the jury.

It is proper, I think, for me to add a final caution. Nothing that I have said in these instructions and nothing that I have said or done during the trial in making rulings on evidence or otherwise, has been said or done to suggest to you what I think your verdict should be. What the verdict should be is your exclusive duty and responsibility.