IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| R.A. JR. (a minor child, by and through his Father and next friend, Richard Lemmel Arnold, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No.: CV-3:06-cv-337-WHA ) |
| DEPUTY SHERIFF WALTER LACEY, in his official and individual capacity, | ) ) ) |
| Defendant. | ) |

### PLAINTIFF'S MOTION FOR NEW TRIAL

COMES NOW, the Plaintiff by and through his attorney of record and submits his Motion for New Trial pursuant to Rule 59 of the Federal Rules of Civil Procedure and in support thereof states as follows:

The jury's verdict in this case was contrary to the clear weight of the evidence. In order that the jury find that Defendant Lacey had not used excessive force during the seizure of R.A. Jr. they would have had to ignore the weight of the evidence, the admissions of the defendant and the testimony of officer Whitlow.

Defendant Lacey admitted striking R.A. Jr. three times and asserted as a defense that he could have used more force but did not. As justification for said force Defendant Lacey testified that he could not pull R.A. Jr. off of deputy Whitlow and that his blows to the thigh and arm of R.A. Jr. were necessary to free officer Whitlow of R.A. Jr.'s grip.

Deputy Whitlow testified on rebuttal that no one was pulling on him during the incident. Without evaluating any of the other testimony presented by the plaintiffs, it is clear that the jury ignored the actual

evidence of the case. The jury could not have found that Lacey's use of the ASB baton was justified if R.A. Jr. was not pulling or holding onto Deputy Whitlow.

The weight of the evidence weighed clearly in favor of the plaintiff and a new trial is necessary to prevent a miscarriage of justice. "[A] verdict may be set aside and a new trial granted, when the verdict is contrary to the clear weight of the evidence, or whenever, in the exercise of a sound discretion, the trial judge thinks this action necessary to prevent a miscarriage of justice." Phoenix Indem. Co. v. Girouard, 252 F.2d 146, 148 (5th Cir. 1958)

> Rule 59(a) of the Federal Rules of Civil Procedure provides that a district court may grant a new trial on all or some of the issues in an action in which there has been a jury trial for any of the reasons for which new trials have been granted in actions at law in the courts of the United States. In determining whether a new trial should be granted, the district court must determine "if in [her] opinion, 'the verdict is against the clear weight of the evidence . . . or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" Insurance Co. of North America v. Valente, 933 F.2d 921, 922-23 (11th Cir. 1991) (quoting Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir. 1984)). See George v. GTE Directories Corp., 195 F.R.D. 696 (M.D. Fla. 2000) ("[A] judgment should not be set aside 'merely because the losing party probably can present a better case on another trial.") To ensure that the trial court does not simply substitute its judgment for that of the jury, the Eleventh Circuit has held that new trials should not be granted on evidentiary grounds unless, "at a minimum the verdict is against the great - - not merely the greater - - weight of the evidence." Valente, 933 F.2d at 923 (noting the deference given to the trial court's decision due to its "first-hand experience of the witnesses, their demeanor, and the context of the trial").

Weber v. Slingsby Aviation Ltd., 2001 U.S. Dist. LEXIS 10346 (D. Fla. 2001).

Respectfully submitted this the 1st day of June 2007.

s/Arlene M. Richardson
Bar Number ASB 9452-I60A
Attorney for the Plaintiff
**Richardson Legal Center, L.L.C.**
P.O. Box 971
Hayneville, Alabama 36040
Telephone: (334) 548-5660
Fax: (561) 228-1085
E-mail: arlawyer@htcnet.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of June 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL 36102-2148
wsheehan@ball-ball.com; rsmith@ball-ball.com

and I certify that I have hereby mailed by U.S. Postal Service the document to the following non CM/ECF participants:   NONE

                      **s/Arlene M. Richardson**
                      Bar Number ASB 9452-I60A
                      Attorney for the Plaintiff
                      **Richardson Legal Center, L.L.C.**
                      P.O. Box 971
                      Hayneville, Alabama 36040
                      Telephone: (334) 548-5660
                      Fax: (561) 228-1085
                      E-mail: arlawyer@htcnet.net